Cross, J. This case comes up by appeal from the Bradley circuit court. ■ Thornton for the use of Mewborn brought debt on a writing under seal whereby S. Jackson and James S; Jordan or either of them twelve months after the date thereof promised “to pay William B. Thornton or order three thousand six hundred dollars, payable at the Branch of the Bank of Tennessee at Sommerville for value received,” and bearing date the 18th day of November 1842. On oyer it appeared that said writing was endorsed, “ Wm. B. Thornton, Laurel creek P. O.” “ Wm. E. Davis, Laurel creek,” and “ Johnson Mewborn, Sommerville P. O.” By the pleadings and at the trial Jordan contested the right of Thornton to sue, upon the ground that the legal interest in the writing was in Mewborn at and before the commencement of the suit. A judgment, however, was rendered by the court against him and the appeal is prosecuted to reverse this judgment. The only question material to be considered is whether Thornton, under the circumstances, could maintain the action. From the evidence as set forth in the bill of exceptions taken on the trial and transcribed into the record, it is shown that Mewborn’s endorsement was to the Branch of the Bank of Tennessee' at Sommerville in the State of Tennessee; that the obligation was protested for non payment, and that afterwards having been paid in part by Jackson’s trustee and the balance in full by Mewborn, was on the 12th of March 1844 delivered by the bank to said Mewborn. The transfer from Thornton to Davis and again from Davis to Mewborn is not questioned. Our Statute on the subject of assignments declares that “ all bonds, bills, notes, agreements and contracts in writing for the payment of money or property or for both money and property shall be assignablethat “ the assignee of any such instrument,” &c. “ may sue for the same in his own name,” that the assignment authorized shall not “change the nature of the de-fence or prevent the allowance of discounts or offsets either in law or equity, that any defendant may have against the original assignor previous to the assignment, or against the plaintiff or assignee after the assignment,” that “ all blank assignments shall betaken to have been made on such day as shall be most to the advantage of the defendant,” and that “ no assignor shall be able to release any part of the consideration of the instrument by him assigned, after the assignment thereof.” See Rev. Stat.p. 107-8 sec. 1, 2, 3,7 and 8. Under this Statute such obligations may be transferred either in full or in blank and the legal interest vested in the assignee, subject to the terms and with the consequences imposed by its provisions. In the case of Block vs. Walker, heretofore decided by this court, it was held that an assignee could not “restore the legal interest in the assignor by the erasure or cancellation of the assignment that if it were otherwise the party of his own accord might “ not only destroy the mutual obligation of a subsisting contract, but at the same time create another without the agreement of the other parties and in prejudice of their rights.” 2 Ark. Rep, 12. It was also held in the same case that after the assignment and delivery of a writing obligatory, the assignor had “ no longer any power or control over the contract, because by the assignment and delivery of the writing, all his interest is vested in the assignee and he alone has the right of action in his own name.” Where the assignor, however, although a remote one, of an obligation, note or,bill, pays it to the last endorsee, and the same is thereupon delivered to him, the legal interest thereby vests in such assignor and he may bring suit in his own name against a previous endorser or the maker, notwithstanding his endorsement. See note and references to Strong vs. Spear, 1 Haywoods R. 214. Peck's R. 268. This principle is also recognized in the case of Block vs. Walker. In such case it is a fair business transaction and contract between the parties resting upon a valuable consideration and consummated by the delivery. In the case before us, therefore we entertain no doubt but that under our laws the right of action was with Mewborn, the party having the legal interest and consequently that the judgment was erroneously rendered for Thornton. If in the State of Tennessee, where the obligation appears to have been executed, transferred and made payable, a recovery could be affected on such obligation in the form adopted in this case, it remains to be considered whether the lex loci contractus ought not to govern. The law of a place or country where a contract, is made and is to be executed, must govern as to its validity, nature, interpretation and effect. Story on Prom, notes 170. But as to the form of action or remedy, it is well settled that the recovery must be sought according to the lex fori, not the lex loci contractus. Dixon’s Exrs. vs Ramsey’s Exrs. 3 Cr. R. 324. Nash vs. Tupper, 1 Caine’s Rep. 402. Ruggles vs. Keeler, 3 John. Rep. 268. Chitty on Bills 192-3. In the statute laws of Tennessee, as compiled by Carruth-ers & Nicholson, page 499, 500, we find the following provision “All bills, bonds or notes for money,” &c. “shall be held and deemed negotiable, and all interest and property therein shall be transferable by endorsement in the same manner and under the same rules, regulations, and restrictions, as notes called promissory or negotiable notes have heretofore been, and the endorsee or assignee may have and maintain his action,” &c. It will be seen from the same compilation, page 550, that promissory notes at the. time the foregoing provision was enacted, were assignable in the same manner “as inland bills of exchange by the custom of merchants in England,” Hence, it is clear that under her laws, the legal interest in bonds &c. for the payment of money when transferred by assign-* ment, vests in the assignee, and that there, as here, the right of action follows such interest. The adjudication of the courts of that State are clear, we think, on this subject as well that a remote assignor, after payment and re-delivery may sue a previous assignor or the payor. See note to case of Strong vs. Spear, and Peck’s R. 258, above referred to. Applying therefore either the law of the place where the contract was made and to be executed, or of this country where it is sought to be enforced, the action was improperly brought in the name of Thornton. The judgment therefore of the court below must be reversed and set aside with costs.