## LAMBERTON v. HARRIS.

### Opinion delivered April 20, 1914.

ACCORD AND SATISFACTION—CONSIDERATION—SUFFICIENCY.—The delivery of property to the creditor and the performance of services by the debtor for the creditor, which are received and accepted by the creditor in satisfaction of his debt, and which are of benefit to him, no matter how small the value may be, is a sufficient consideration to support an accord agreement.

Appeal from Independence Circuit Court; *R. E. Jeffery, Judge;* affirmed.

#### STATEMENT BY THE COURT.

Appellant instituted this action against the appellees, alleging that she rented them certain lands for which they agreed to pay her, for the year 1911, the sum of $999; that they had paid her the sum of $405, leaving a balance of $593.63, for which she asked judgment. The appellant set up a written contract evidencing the lease, signed by the appellees.

The appellees answered, admitting that they rented the lands, and set up that appellant had been paid in the following manner, towit: That the year 1911 was a bad crop year; that the defendants were in bad financial straits, and in view of the failure of their crop they were not able to pay the rent first agreed on; that appellant knew this, and when the rent came due appellant agreed with the appellees that if they would pick the crops of cotton grown on the lands and turn it all over to her, free of picking and ginning charges, that she would accept it in settlement and full satisfaction of her claim for rent, and that she would give to appellees their corn crop of that year free of any lien or claim for rent; that the defendants gathered and turned over to the plaintiff, free from all picking and ginning charges, all the cotton grown on said lands during said year, amounting in all to nine bales, more or less, and that plaintiff received the same under the agreement and in full satisfaction of the rent on said lands for said year.

Appellee Noah Harris testified, in part, as follows: "We had a conversation with plaintiff" (concerning the rent for 1911. "She said there was not anything made hardly, and I asked her what she was going to do about it. She said: 'Well, I am going to treat you right; go ahead and gather the crop, and I will do you right.' This was all she told me at that time. I was up there at another time (about two weeks after). She then said: 'Go ahead and gather the crop of cotton and gin it.' We had the gin rented. That was in a separate contract, though. The gin had nothing to do with the rent contract. She said turn the cotton over to her clear of ginning and picking charges and keep the corn. She never named owing any rent until 1912. She was just to take the cotton clear of any expenses. She was to take the cotton in consideration of the rent. I didn't know any better until 1912, late in the fall, after she had got her 1912 rent. She said we were to haul the cotton for her to market free of charge. I told her I didn't care for that, and I hauled it for her.

Appellee A. R. Harris testified, in part, concerning the rent for 1911, substantially as follows: "We baled the cotton and turned it over to her at the gin. Appellant said turn the cotton over clear of expenses, and to put the corn in the crib and keep it. She said she would take the cotton for the rent. We were to turn it over to her clear of expenses. That was to cover ginning and picking. She agreed to take the cotton and let us keep the corn."

Another witness testified that during the fall of 1911 he heard the plaintiff say, during a discussion of the poor crops and the reductions that the different landlords were making, that she had told her boys to pick the entire crop of cotton, and turn it over to her clear of ginning and picking, and that she would let them keep the corn.

The testimony on behalf of appellant was in direct conflict with the above testimony on behalf of appellees, and tended to show that she did not agree to take the cotton clear of ginning and picking in settlement of her

rent. She denied that she released them from the rent of 1911, or that she intended by any act of hers to release them.

The court instructed the jury as follows:

"If you find from a preponderance of the evidence in this case that the plaintiff, for any reason, agreed with the defendants to accept from them in settlement and satisfaction of her claim for rent, and as the rent on the land for which rent is claimed herein, all the cotton raised that year on said lands, and that in pursuance of such offer the defendants delivered said cotton to the plaintiff, and that it was accepted by the plaintiff in settlement and satisfaction of her claim for rent, then your verdict will be for the defendants."

And further: "If you find that the plaintiff, for any reason, agreed to and did accept the cotton grown on the lands in settlement and satisfaction of the rent of that year, the fact that the cotton may have been of less value than the amount of rent as claimed here would be immaterial, and your verdict would be for the defendants."

The verdict was in favor of the appellees, and from a judgment rendered in their favor this appeal has been duly prosecuted.

*Charles Coffin* and *Samuel M. Casey,* for the appellant.

The agreement as testified to by the appellees would not be enforceable for lack of consideration to support it. 81 Ark. 134; 153 S. W. 94. The payment of a sum of money by one who is already legally bound to pay it is not a valid consideration for a contract. 52 Ark. 174.

Appellant had a right to all the cotton and corn raised on the land that year for her rent, at least up to the value of $999. Kirby's Dig., § 5032. The payment of the cotton, which was already the property of appellant, or subject to her lien for the above amount, could not constitute a sufficient consideration for a release of the entire debt. 54 Ark. 185, 186, *et seq.;* 75 Ark. 364-5.

*Dene H. Coleman* and *Ira J. Mack,* for appellees.

The evidence establishes a valid accord and satisfaction. 1 Cyc. 307; 2 Ark. 224; 1 Cyc. 335, 336; Hunt on Accord and Satisfaction, § 66; 75 Ark. 360; 1 Thompson on Trials (2 ed.), § 1250.

WOOD, J., (after stating the facts). The court correctly submitted the only issue in the case, as to whether or not there was a valid accord and satisfaction. The testimony, viewed in its strongest light for the appellees, was sufficient to sustain the verdict.

Conceding that the appellees turned over the cotton grown by them during the year 1911 to the appellant in satisfaction of the balance due for rent of that year, as contended by them, appellant, nevertheless insists that inasmuch as there was no formal instrument of release purporting to release the appellees from the debt due by them for rent, and inasmuch as appellant did not turn over to the appellees the written contract, evidencing the amount of the balance due on their indebtedness, that the agreement to accept the cotton in satisfaction of the rents, even if true, as stated by appellees, was based upon no consideration and therefore void. To support her contention, appellant relies upon *Heaslet* v. *Spratlin,* 54 Ark. 185. In that case we held, ''The due-bill which represented his debt was not surrendered to the debtor, and the partial payment was made in money after the debt was due.'' There was no executed release, but only testimony tending to show a parol release. In that case, we held that the agreement for the release was based upon no consideration, and therefore void.

But the testimony on behalf of the appellees, in this case, giving it its strongest probative force in their favor, shows that appellant accepted the cotton of the year 1911, and their services in connection with the ginning and marketing of the same, in satisfaction of the balance due by appellees on the rent for that year. While appellant had a lien on the cotton for her rent, she did not have the title thereto and there was no legal obligation upon appellees, under their contract of rent, to gin the

cotton and to haul the same to the market and market it for her. Their lease contract only required that they should pay the rent in money to her. Instead, the testimony tended to show that she agreed to take the cotton itself, when delivered to her free of expenses of preparing it for market, in payment of the rent; and the proof showed an executed accord and satisfaction by delivery of property and the performance of services in favor of the appellant. The delivery of property to the creditor and the performance of services by the debtor for the creditor, which are received and accepted by the creditor in satisfaction of his debt, and which are of benefit to him, no matter how small the value may be, is a sufficient consideration to support an accord agreement. See *Pope v. Tunstall*, 2 Ark. 224; *Dreyfus v. Roberts*, 75 Ark. 360; 1 Cyc. 335, 336.

The judgment is correct, and it is affirmed.