### HORTON *v.* THOMPSON.

#### Opinion delivered June 26, 1916.

MORTGAGES—VERBAL RELEASE OF LIEN—SUFFICIENCY OF CONSIDERATION
—The release of the lien in a deed of trust is based upon a valid consideration when the obligor, in consideration of the obligee's promise to release the lien, obtained further credit, and paid the sum so realized to the original obligee, who credited the payment upon his debt.

Appeal from Independence Circuit Court; *Dene H. Coleman,* Judge; affirmed.

*Samuel M. Bone,* for appellant.

1. The payment of $200 eleven months after the note was due was not a sufficient consideration for the alleged agreement of release. 96 Ark. 20; 26 *Id.* 160. The doing of that which a party is by law or contract obligated to do is no consideration whatever to support any new contract or obligation. 9 Cyc. 347; 6 R. C. L. 664; 1 Parsons on Cont. 437; 1 Page on Cont. 468; 96

Ark. 20; 30 *Id.* 50; 52 *Id.* 174; 54 *Id.* 151; 7 L. R. A. (N. S.) 175; 25 N. E. 862; 36 *Id.* 418; 52 L. R. A. (N. S.) 328; 78 S. W. 1125.

*W. K. Ruddell,* for appellee.

1. The question of *consideration* was not raised below and can not be raised here for the first time. 75 Ark. 76; 95 *Id.* 593; 89 *Id.* 300, 308; 82 *Id.* 260; 90 *Id.* 469; 64 *Id.* 253; 101 *Id.* 95.

2. Objections to instructions must be made below and exceptions saved. 70 Ark. 348; 74 *Id.* 557; 78 *Id.* 490; 94 *Id.* 254.

3. A sufficient consideration was shown. 60 Am. St. 521, 528; 112 Ark. 503; 29 *Id.* 591, 594. A release may be executed by parol agreement. 94 Ark. 165. Appellant is estopped—he did not return the check received. 94 Ark. 158; 46 *Id.* 217.

SMITH, J. This is an action in replevin by a substituted trustee to recover the possession of two horses and a wagon named in a deed of trust which was executed by appellee, for the purpose of subjecting them to sale in satisfaction of the debt there secured.

The defense offered was that in November, 1913, which was eleven months after the indebtedness there secured became due, Morris, the payee of the note and the beneficiary of the deed of trust, had released the horses and wagon from the deed of trust. In support of this contention appellee who was the defendant below testified that his indebtedness was due and he was unable to pay, whereupon Morris agreed that the deed of trust should be released upon the wagon and team to enable him to borrow $200 from one Slayden, to be applied on the indebtedness, and that pursuant to this agreement the lien was released verbally, and appellee executed a new deed of trust to Slayden on the wagon and team to secure the loan of $200 then made. That the loan then made was in the form of a check which appellee endorsed and delivered to Morris, who accepted the same and credited it on the note.

Appellant admitted receiving the check, but denied that he had released his lien, but admitted that he told appellee he could give a second mortgage on the property if he liked.

A witness named Huddleston, however, testified that appellant told him he had given permission to appellee to execute the new mortgage provided the money thus obtained was paid to him. Two other witnesses corroborated this statement.

Over appellant's objections and exceptions the court told the jury that—

"There is but one question for this jury to determine, and that is purely a question of fact; that is, whether or not the mortgagee, Jeff Morris, agreed at the time to let the mortgagor, Thompson, give a second mortgage on the mules and get the money, or whether at the time of the alleged trade that he agreed to release them entirely from the first mortgage. That is the whole point in the case."

Inasmuch as the evidence is clearly sufficient to support the jury's finding on the question of fact, the only question for decision is the correctness of this instruction.

Appellant insists that the payment made can not, and does not afford a sufficient consideration for the release of the lien of the deed of trust, although he admits that for a sufficient consideration a parol lease would be valid. *Fincher* v. *Bennett,* 94 Ark. 165. He insists this is true because the undisputed proof shows the entire debt was due and unpaid and the payment which was made was only about one-half of the debt. The team said to have been released was only a part of the property described in the deed of trust.

It is true the sum paid was due in any event; but we think it can not be said on that account the transaction had did not constitute a sufficient consideration to support the agreement by which the sum paid was raised to be applied to that purpose. While appellee was obligated to pay this sum in any event, he was under no obli-

gation to negotiate a new loan as was done here, and this action must be held to constitute a sufficient consideration to support appellant's agreement to release his lien *pro tanto*. *Dreyfus* v. *Roberts*, 75 Ark. 364; *Lamberton* v. *Harris*, 112 Ark. 503; *Feldman* v. *Fox*, 112 Ark. 223.

No error was committed in giving the instruction set out, and the judgment is, therefore affirmed.