## JOHNSON *v.* AYLOR.

### Opinion delivered May 7, 1917.

ACCORD AND SATISFACTION—RENT NOTE—SURRENDER OF PREMISES—JURY
    QUESTION.—A tenant gave his note for the rent, but seeing that the
    crop would not pay the same, he surrendered the crop and premises
    before the expiration of the lease. *He'd*, there was sufficient evi-
    dence of an accord and satisfaction to require a submission of that
    issue to the jury, and that it was error to withdraw the case.

Appeal from Izard Circuit Court; *D. H. Coleman,*
Judge; reversed.

*Bledsoe & Ashley,* for appellant.

1.   There was a sufficient consideration for Aylor's
agreement to release appellant from the note and there
was an accord and satisfaction.   33 Ark. 572; 24 *Id.* 197;
33 *Id.* 97.   It was error to take the case from the jury.

The appellee *pro se.*

1.   There was no agreement, but, if so, it was with-
out consideration.   1 Words & Phrases (1 Series); 29
Ga. 166-176; 8 Cyc. 232; 33 Ark. 574; Chitty on Con-
tracts, 645.   The mere reception of the property would
not support an accord agreement.   112 Ark. 503.

#### STATEMENT BY THE COURT.

This suit was instituted by appellee against appel-
lant in a justice court on the following note, dated Oc-
tober 30, 1913:

"On or before Nov. 15th, 1914, I promise to pay to
the order of C. C. Aylor one hundred and fifty dollars
($150.00), this being payment for rent on one field south
of house on said C. C. Aylor farm."

(Signed) W. R. Johnson.

Endorsed on the note was the following: "Paid on
the within note $92.00." The note was also transferred
by the payee, and had written on the back thereof,
"Without recourse on me." The appellee testified that
he bought the same from his brother, C. C. Aylor.

The appellant testified that the note in suit was exe-
cuted by him to C. C. Aylor for rent on a place belong-
ing to Aylor for the year 1914. He had planted 20
acres in cotton and 15 acres in corn. The year of 1914
was a bad crop year and cotton was at a low price. In
the fall he and C. C. Aylor went over the cotton and
came to the conclusion that it would likely not pay the
note. Appellant offered to turn the crops and place
over to Aylor for the note if C. C. Aylor would pay a
fertilizer bill and a cotton seed bill that appellant had
incurred. C. C. Aylor agreed to pay for the cotton seed
in case he did not have to pay for the fertilizer. They
both thought the fertilizer bill was a lien on the crop,
and when appellant asked C. C. Aylor for the note
Aylor replied, "Let me keep the note a little while in
order to keep the fertilizer people off of me." Aylor
did not pay the fertilizer bill nor the cotton seed bill
either. Appellant moved away in a few days after this
agreement, which was about October 1, 1914. C. C.
Aylor sold the cotton and cotton seed and credited the
note with the amount. At the time appellant entered
into the agreement with C. C. Aylor the corn was cut
and standing in shocks on the place. It was sorry corn.

The court instructed the jury as follows: "You are
instructed that this is a plea by the defendant of accord
and satisfaction, but the evidence shows that the agree-
ment is without consideration. Therefore, you are in-
structed to return a verdict for plaintiff, as follows:
We, the jury, find for the plaintiff in the sum of
$63.61." Judgment was entered in favor of the appel-
lee and the cause is here on appeal.

WOOD, J., (after stating the facts. The court erred
in taking the case from the jury. The burden of proof
was upon the appellant to sustain his plea of payment,
and this he did by testimony which tended to show an ac-
cord and satisfaction. The testimony tended to show that
appellant agreed to turn the crops and the place which he

had rented from C. C. Aylor back to him on or about October 1, 1914, in consieration for the note in suit, and that he executed his part of the agreement.

Appellee relies upon *Cavaness* v. *Ross,* 33 Ark. 572, where we quoted from Chitty on Contracts, as follows: "The payment of part of a liquidated and ascertained sum is, in law, no satisfaction of the whole; although it may, in certain circumstances, be evidence of a gift of the remainder. And a plea which alleged the payment by the defendant, and receipt by the plaintiff, of a smaller sum in satisfaction of a larger, would be bad even after verdict."

But the above doctrine is not applicable to the facts of the present record, because here the testimony tended to prove, and it was an issue for the jury, as to whether or not the agreement entered into between the payee and the maker of the note did not constitute an accord and satisfaction. The agreement was entered into about October 1st. The note was not due until November 15th, and the testimony tended to prove that the note was given for the rent of the Aylor place for the year 1914. The testimony therefore tended to show that the appellant turned over his crops to Aylor and surrendered the place before maturity of the note and before the time when he was required to surrender possession of the premises. And while there is no affirmative testimony that the crops thus surrendered were equal to or more than the value of the note, yet there was no evidence to the contrary, and the testimony tended to show that there was an additional consideration besides these crops in the way of the surrender of the possession of the premises on the part of the appellant before the expiration of his lease. This, in connection with the other fact that the crop was surrendered to Aylor before the time when the note was due, tended to show a sufficient consideration for an accord and satisfaction, and the court erred, therefore, in taking the case from the jury.

Even if the value of the surrendered crops was not sufficient to liquidate the note, still there was testimony tending to prove, as an additional consideration, the agreement on appellant's part to also surrender the possession of the premises, which he did.

In the case of *Cavaness* v. *Ross, supra,* relied upon by the appellee, we also said: "In cases of contract for the payment of a liquidated sum of money, the payment of a less sum will not be a good satisfaction, unless it was either paid and accepted before the time when it was to have been paid, or at a different place from that appointed for the payment." Here the payment was made and accepted, as the proof tended to show, before the time it was due.

In the case of *Feldman* v. *Fox,* 112 Ark. 223, 226, we said: "If no benefit is received by the obligee except what he was entitled to under the original contract, and the other party to the contract parts with nothing except what he was already bound for, there is no consideration for the additional contract concerning the subject-matter of the original one." Again, "Now, the parties to a contract may, by new agreement, change the terms thereof, and the mutual undertakings will support the new contract."

Here C. C. Aylor had no title to the crops grown by the appellant on the Aylor place. As the landlord, he only had a lien upon such crops for his rent. Therefore, when appellant agreed to surrender the crops he did something that he was not required to do under his contract to pay a stipulated sum for rent, and the testimony was sufficient to warrant a finding that the parties had entered into a new contract by which the rent note was to be satisfied as per the terms of the new agreement. See, also, *Horton* v. *Thompson,* 124 Ark. 545, as to the sufficiency of the consideration.

For the error in giving the instruction the judgment is reversed and the cause will be remanded for a new trial.