RIBELIN *v.* LOYD.

Opinion delivered May 9, 1921.

1.  MORTGAGES—FORM OF RELEASE.—A mortgage is a mere security
    for a debt, and the property may be released therefrom by either
    written or parol agreement.

2.  MORTGAGES—EFFECT OF RELEASE.—A receipt given to the mort-
    gagor by the mortgagee reading, "Received from L. ** $95,
    which I hereby release 3 Poland China male pigs on which I
    have a lien, for his use for meat hogs only," *held* an absolute,
    and not a conditional, release.

3.  MORTGAGE—RELEASE—CONSIDERATION.—A release of a portion of
    mortgaged chattels, given in consideration of a payment of money
    was based upon a sufficient consideration.

Appeal from Logan Circuit Court, Southern District; *James Cochran*, Judge; affirmed.

This is a suit in replevin brought by the appellees against appellants before a justice of the peace to recover three hogs.

Appellees recovered judgment in the justice court, and appellants duly prosecuted an appeal to the circuit court. There the case was tried *de novo* on evidence substantially as follows:

On the 10th day of February, 1919, D. R. Loyd executed a chattel mortgage on certain personal property to secure an indebtedness of something over $800. Among the property mortgaged was a Poland China gilt and the increase thereof. S. A. Ribelin was a dealer in general merchandise, and D. R. Loyd traded with him. In the fall of the year it was ascertained that the mortgaged property was insufficient to pay Loyd's debt. Loyd had bought a farm on a credit and had mortgaged it to Ribelin to secure the initial payment on it. He sold the farm for $95 more than he had agreed to pay for it. Loyd owed Ribelin a balance of $400 on the mortgage indebtedness and agreed to let him have the $95 if he would release the three hogs which were the increase of the Poland China gilt described in the mortgage. This Ribelin agreed to do and gave to Loyd the following:
"95.00.

"Received from D. R. Loyd, in the land deal with Johnnie Loyd, ninety-five dollars, which I hereby release three (3) Poland China male pigs on which I have a lien, for his use for meat hogs only.

"S. A. Ribelin."

In December, 1919, D. R. Loyd also gave Ribelin a mortgage on the crop he intended to grow the next year, and also on his live stock. In the spring of 1920 D. R. Loyd got into some trouble and had to leave the community. His wife and children were not able to make the crop and so notified Ribelin. They moved away

from the farm and according to the testimony of Mrs. Loyd she turned over the mortgaged property to Mr. Ribelin and the three hogs in question were hauled to town with it upon the agreement that they should then be turned over to her. Subsequently Ribelin refused to let her have the three hogs in question, and, upon her husband's return, this suit was brought to recover them. The three hogs in question were not included in the mortgage given by Loyd to Ribelin in December, 1919.

According to the evidence adduced by appellants, D. R. Loyd left the country in the spring of 1920, and did not make any crop at all that year. After he left, Mrs. Loyd told Ribelin that she could not make the crop and told him to go and get the mortgaged property. The hogs in controversy were also turned over to Ribelin by Mrs. Loyd. Ribelin admitted the execution of the release copied above, but stated that it was executed with the understanding that Loyd was to use the hogs for meat hogs, and was to cultivate the crop which he had mortgaged to Ribelin for the year 1920.

The court instructed the jury to find for the plaintiffs unless they should find by a preponderance of the evidence that the plaintiffs had turned over the hogs to the defendants on their debt.

The jury returned a verdict for appellees, who were the plaintiffs in the court below, and the defendants in the court below are the appellants here.

*Evans & Evans*, for appellants.

The release was a conditional one, and appellees, not having used the hogs for meat, and not having made the the crop in 1920, as they agreed to, release is of no avail, and that was no consideration ofr the release. The court erred in its instructions given and in refusing those asked by appellants. If the instrument is a release at all, it is only a contingent or conditional one, and the contingency or condition never existed nor occurred. 1 Beach on Modern Law of Contracts, § 481; 8 C. B. 483 and note; 9 Cyc., pp. 670, 761; Anson on Contracts, ch. 1,

§ 11. The intention of the parties *was* plainly expressed, and under it plaintiffs were not entitled to recover. It was error for the court to decide questions of fact that were for the jury, and it was error to direct a verdict. 57 Ark. 461; 79 *Id.* 445; 51 *Id.* 155; 73 *Id.* 431. The burden of proof was on plaintiffs. 29 Ark. 270; 22 *Id.* 396; 25 *Id.* 11, 482; 4 Crawford's New Digest, 4417.

*John P. Roberts* and *Kincannon & Kincannon,* for appellees.

Plaintiffs were entitled to recover the hogs under the testimony, and defendants were not prejudiced by the court's failure to give the instruction asked nor the instructions given, as they covered the law fully under the testimony. 38 Cyc. 1809; 122 S. W. 309.

HART, J. (after stating the facts). The judgment was correct. The only disputed question of fact was whether or not appellees turned over the three hogs in controversy to appellants in part satisfaction of their mortgage indebtedness. This was a disputed question of fact, which the jury settled in favor of appellees.

It is contended, however, by appellants that the release was a conditional one, and that appellees, not having used the hogs for meat, and not having made the crop in 1920, as they had agreed to do, the release is of no avail to them.

We can not agree with counsel in this contention. A mortgage is a mere security for a debt, and the property may be released from the mortgage by parol agreement, as well as by a written one. *Fincher* v. *Bennett,* 94 Ark. 165, and *Horton* v. *Thompson,* 124 Ark. 545.

The release in question by its terms is an absolute one. It is true that it recites that the three hogs are released from Loyd's mortgage for his use for meat hogs. The lattter part of the release, however, is a mere declaration of the use to which the hogs are to be put, and does not in any sense change the release from an absolute one to a conditional one. To have that effect, lan-

guage must have been used from which the conclusion that the release was a conditional one could have been drawn.

Again, it is contended that there is no consideration for the execution of the release. This contention is based upon the fact that Loyd gave to Ribelin a mortgage on the land from which he derived the profit of $95 for the initial payment. This did not make any difference. The mortgage was a mere security for the payment of the indebtedness, and this was satisfied when the land was sold. The substance of the transaction was that Loyd made $95 profit in the purchase and sale of the land, and Ribelin agreed to release the three hogs from the mortgage indebtedness if Loyd would let him have the $95. This was a sufficient consideration for the execution of the release, and the court did not err in treating it as an absolute release of the hogs.

It follows that the judgment must be affirmed.