. EASLEY *v.* VAUGHAN.

Opinion delivered April 5, 1926.

BILLS AND NOTES—CONSIDERATION.—Where sureties on a note, which
    had been transferred by the payee as collateral security to a
    bank, as sureties signed a note of the payee to the bank upon
    condition that a certain credit should be allowed on the first-
    mentioned note, the joining of the sureties in the new note to
    pay the debt of the payee to the bank was sufficient consideration
    to support a new contract between the sureties and the payee
    of the first note concerning such credit.

Appeal from Craighead Chancery Court, Eastern
District; *J. M. Futrell,* Chancellor; affirmed.

*J. F. Johnston* and *Gautney & Dudley,* for appellant.

*Basil Baker,* for appellee.

McCULLOCH, C. J. Appellant instituted this action
in the circuit court against appellees Vaughan, Perciful
and Wilkerson, to recover on a promissory note, but
the cause was later transferred to the chancery court
apparently without objection, and proceeded there to
a final decree in favor of appellees.

The note sued on was for the sum of $250, executed to
appellant on January 1, 1920, by Joe Melton as principal
and by appellees Vaughan, Perciful and Wilkerson as
sureties, and was payable November 1, 1920, with interest.
Appellant borrowed money from the bank at Black Oak
and assigned the note to the bank as collateral security.
When the note became due, Melton had absconded, after
making a payment of $44 on the note. The bank
demanded payment from appellant, but agreed to extend
the time of payment if appellant would execute a note
for the amount borrowed with the three appellees herein
as sureties. Prior to that time appellant had executed
his note to one Hall for $200 to cover the price of a
lot of corn purchased from Hall, and this note was
assigned by Hall to Melton, who continued to be the
holder thereof until he left the country, and it remained
in a lock-box in a bank with other notes which belonged
to him. Appellees signed appellant's note to the bank
as sureties, and, when that note became due, appellant

paid it off, which discharged his debt to the bank, and the canceled note, together with the other note sued on, executed by Melton and appellees to appellant, which had been retained by the bank up to that time, was at the same time surrendered by the bank to appellant.

The defense of appellees is based on the contention that they were induced to sign appellant's note to the bank by the express agreement of appellant to credit on the Melton note the amount of the Hall note held by Melton as a set-off against the latter and thereby extinguish the Melton note, except a small balance remaining unpaid, which appellees agreed to pay. Appellant denied that he had made any such agreement, and that was the only issue of fact involved in the trial.

Appellees testified in support of their defense that appellant had expressly agreed with them that, if they would sign the note to the bank, he would credit the amount of the Hall note on the Melton note, which is the subject-matter of this suit. This was denied by appellant in his testimony.

Before the present suit was commenced, appellant and one of the appellees, Mr. Wilkerson, became indebted to a man named Yates on a promissory note which they had signed as sureties for Melton. They paid off the Yates debt, and then instituted an action at law against Melton to recover the amount paid out as his sureties on the note, and caused an attachment to be issued and levied on the Hall note and certain other notes held by Melton and found in the safety box in the bank, and appellant, instead of crediting this amount on the original Melton note, credited the same on his claim against Melton for the amount paid out on the Yates note.

It is assumed that the chancellor found in favor of appellees upon the issue of fact as to whether or not appellant had made the agreement attributed to him by appellees to credit the amount of the Hall note on the note in suit. The evidence justified the finding, and it was in accordance with the clear preponderance of the testi-

mony. It is contended by counsel for appellant that the alleged agreement with appellees, if made as claimed by them, was void and unenforceable for the reason that it was without consideration, and they invoke the rule of law that a new agreement to do what the promisor is already under legal obligation to do is not sufficient consideration for a new contract. They rely on the decision of this court in *Feldman* v. *Fox,* 112 Ark. 223, where it was held (quoting from the syllabus), that, "where the parties to a contract undertake to enter into an additional contract, if in the latter no benefit is received by the obligee except what he was entitled to under the original contract, and the other party parts with nothing except what he was already bound for, there is no consideration for the additional contract." The rule relied on by counsel is sound, but it has no application to the present case. It must be remembered that the note executed by appellees as sureties for appellant was not a renewal of the Melton note then held by the bank under assignment from appellant. It was a new obligation of appellant and appellees to pay the debt to the bank, and the latter continued to hold the Melton note as collateral security until appellant's obligation to the bank was to be paid. Appellees were under no obligation to pay appellant's debt to the bank, and their joining in the new note to pay that debt constituted sufficient consideration to support a new contract between appellees and appellant concerning the credit to be placed on the Melton note.

The chancellor was therefore correct both in his finding of fact and his application of the law, and the decree is affirmed.