FITZPATRICK v. HANKINS.

Opinion delivered October 7, 1929.

J. H. Carmichael, Jr., for appellant.

C. V. Holloway and Morris & Barron, for appellee.

McHANEY, J. At Paris, Texas, on March 13, 1922, appellee and his brother, R. L. Hankins, executed and delivered to appellant their promissory note for $2,500 for money borrowed, payable one year after date at 8 per cent., and to secure same gave appellant a mortgage on their undivided two-thirds interest in certain filling station equipment, they being engaged as wholesalers in the distribution of oil and gas and each owning a one-third interest in the business. In February, 1925, the note not having been paid, appellant, secured judgment against R. L. Hankins for the amount of the note and interest and a decree foreclosing the mortgaged property. The property was sold, the sale price credited on the note, and there was left a balance of $800 remaining unpaid. This suit was instituted by appellant against appellee to recover said amount as either joint maker or surety on said note.

Appellee denied that he was indebted to appellant in any sum, although he admitted the execution and delivery of the note and mortgage. He further alleged

by way of defense that, by agreement with appellant, a short time after execution and delivery of said note and mortgage, he turned over to R. L. Hankins all his interest and equity in the mortgaged property on condition that he was to be released from all further liability on said note. On a trial to a jury there was a verdict and judgment for appellee.

Appellee testified, in accordance with his answer, that, sometime after the execution and delivery of said note and mortgage, he had an agreement with appellant whereby he should turn over to R. L. Hankins for the benefit of appellant all his equity in the mortgaged property and would be released from all further liability thereon; that the mortgaged property was worth $7,500 which would make his one-third interest in the property of the value of $2,500. This would give appellee an equity in the one-third interest in the property of $1,250. He further says that in pursuance of this agreement, he surrendered his equity in the property to R. L. Hankins, moved from thence to England, Arkansas, in 1922 and heard no more about the note until 1926, about three years after the note was due, when appellant's counsel wrote him demanding payment. Appellant denied that he had any such agreement with appellee, but a jury has determined this issue against him. Appellant says that there was no consideration to support such agreement, and no accord and satisfaction, and that the court should have therefore given his request for a peremptory instruction.

This court, in *Feldman* v. *Fox*, 112 Ark. 223, 164 S. W. 766, stated the correct rule as follows: "If no benefit is received by the obligee except what he was entitled to under the original contract, and the other party to the contract parts with nothing except what he was already bound for, there is no consideration for the additional contract concerning the subject-matter of the original one." Citing *Thompson* v. *Robinson*, 33 Ark. 44; 1 Brandt on Suretyship and Guaranty, § 387; 1 Page on Contracts, § 312. The Feldman case was distinguished

in *Johnson* v. *Aylor,* 129 Ark. 82, 195 S. W. 4, in *Easley* v. *Vaughn,* 170 Ark. 887, 281 S. W. 670, and in *Nakdimen* v. *First National Bank,* 177 Ark. 303, 6 S. W. (2d) 505.

Under the rule announced we cannot say as a matter of law that there was no consideration for the new agreement testified to by appellee. The court submitted this question to the jury in the following instruction:

"The defendant admits signing the note in controversy, but contends that he was released from same by plaintiff by turning over to his brother, under the directions of the plaintiff, the property that was put up by him and his brother as security for the loan. Now, before the defendant can be released on this note, he must have had this agreement with the plaintiff, and further, it must have been for a valuable consideration. The burden is upon the defendant to establish this fact."

Appellant might have thought that it would be to his advantage to have appellee's equity in the mortgaged property in R. L. Hankins' control. True, he had the same security for his debt after the agreement testified to by appellee as he had before, but by consolidating the two undivided interests in one person, especially when appellee was removing from the State, he might have considered it to his advantage to release appellee. Nor can we say that appellee surrendered nothing by reason of the agreement, as the proof shows that he had a valuable equity in his undivided one-third interest in the property over and above one-half of the indebtedness. The court therefore correctly submitted this question to the jury, and did not err in refusing to give a peremptory instruction as requested.

Appellant also argues that the court incorrectly instructed the jury. The court first told the jury that: "If you find the defendant turned over this property to his brother, this will be sufficient consideration, and you should find for the defendant." However, the record shows that the court withdrew this instruction from the jury, and gave the one hereinabove set out. We do not think that the jury could have been misled by this action

of the court, and, if appellant was not satisfied with the instruction as finally given, for the reason that it did not define what would constitute a sufficient consideration, he should have submitted to the court a correct declaration on the subject, which was not done.

We find no error, and the judgment is affirmed.