UDES v. NYEGAARD.

4-3541

Opinion delivered October 1, 1934.

*Reinberger & Reinberger* and *Arnold Fink*, for appellants.

*Rowell & Rowell* and *Jay W. Dickey*, for appellees.

HUMPHREYS, J. This foreclosure proceeding was commenced in the chancery court of Jefferson County by appellants against appellees on June 29, 1933, upon a note and mortgage executed by appellees to A. Udes on June 24, 1927, due three years thereafter and which, at first maturity, had been extended three years. At the time of the institution of the suit, the debt was due, and appellees were in default on interest and taxes, which they were required to pay under the terms of the mortgage.

Appellees interposed the defense that on the 21st day of June, 1933, they entered into an oral agreement with A. Udes that, in satisfaction of the debt and mortgage, they would convey said property to him, and pay the then due improvement taxes and the county and State

general taxes for 1932, and accrued interest of $25 due at that time; that, pursuant to the agreement, they tendered him a, deed describing the property and $25 interest, and exhibited to him a receipt for improvement taxes, and offered to pay the county and State general taxes for 1932; that he refused to accept the deed and carry out the agreement. They prayed, by way of cross-complaint, that appellants be required to perform the oral contract.

The court heard the cause upon the pleadings, exhibits, and testimony adduced and adjudged that the note and mortgage be canceled, and that A. Udes be required to accept the deed, from which is this appeal.

John W. Nyegaard testified unequivocally that an oral agreement was entered into between A. Udes and himself to the effect that A. Udes would accept a deed to the property, and cancel the note and mortgage if he would pay the interest then due of $25, and pay the district improvement taxes and the county and State general taxes, all of which he offered to do, but that A. Udes refused to accept the deed and carry out the agreement.

A. Udes testified just as positively that no such agreement was ever made between them.

This court is committed to the doctrine that a mortgage may be released by either a written or parol agreement, but, in order to effect such a release by parol, the agreement must be established by clear and convincing evidence. This court said in the case of *Riley* v. *Atherton,* 185 Ark. 425, 47 S. W. (2d) 568, that: "We have reached the conclusion that, as to mortgages of real estate, the correct rule is that the proof relating to the discharge or release thereof must be clear, satisfactory and convincing. Title to real property, and the validity and continued existence of mortgages thereon, would be insecure by any less stringent rule."

The most that can be said in the instant case relative to the evidence is that it is in equipoise. Both parties stand in the record unimpeached, and their evidence presents an irrevocable conflict, creating a doubt rather than a certainty that such an oral agreement was ever made.

The payment of taxes does not corroborate the testimony of John W. Nyegaard, because it was his duty under the terms of the mortgage to pay them.

The tender of a deed and $25 interest does not sufficiently corroborate his testimony to make it certain and convincing that Udes had agreed to accept the deed and satisfy the mortgage.

It would be an unwise and dangerous rule to say that a mortgage on real estate might be satisfied in parol by a mere preponderance of the evidence. The parol agreement must be established by clear and convincing evidence in order to effect a satisfaction of a mortgage.

On account of the error indicated, the judgment is reversed, and the cause is remanded with directions to enter a decree of foreclosure in favor of appellants.