WATTS *v.* MARTIN.

4-6397                                        151 S. W. 2d 986

Opinion delivered June 9, 1941.

*Ben B. Williamson,* for appellant.

*S. M. Casey,* for appellee.

McHANEY, J. Appellee Martin, being indebted to appellant in the sum of $550.15 for borrowed money, executed and delivered to appellant his promissory note therefor, dated January 1, 1936, due one year later, with interest from date at 10 per cent. per annum, and to secure the payment thereof, on January 11, 1936, he and his wife executed and delivered to him their deed of trust on a certain 2½-acre tract of land in Mountain View, which was duly filed for record and recorded on January 14, 1936. Said note not having been paid at maturity, this action of foreclosure was filed June 27, 1940. The complaint alleged that two payments had been made and indorsed on said note, but that he was unable to state the dates and amounts thereof because the note and deed of trust were in the possession of either appellee Martin or appellee Maxey; that on or about July 12, 1938, Martin came to him at his home in Syllamore and

advised him that he had made arrangements with appellee Maxey to borrow on the same security a sum sufficient to pay the balance due appellant and for his own requirements, and requested appellant to turn said note and deed of trust over to him, so that he could figure the amount due thereon, and get the description of the land, which was by metes and bounds, to copy same in preparing a new note and deed of trust to Maxey, and out of the proceeds of which he was to pay appellant the balance due him, and if he failed to secure the loan the note and deed of trust would be returned to appellant; that relying upon such promise, he let appellee Martin have said note and deed of trust, and thereafter Martin secured a loan from Maxey in the sum of $600, for which he executed his note and he and his wife executed to Maxey their deed of trust on the same property covered by that of appellant; that Martin has failed and refused to pay him the balance due and refused to return his note and deed of trust; and that they were obtained by Martin through trickery, deceit and fraud of which Maxey had knowledge. He prayed for judgment on the note and foreclosure and sale of the property, giving him a first lien thereon. Maxey defended on the ground that Martin came to him to borrow the $600 and represented he owed appellant $250, which he advanced him on July 11, 1938, for the purpose of paying appellant's debt and securing a satisfaction of his mortgage, and on the next day advanced to Martin the remainder, $350, taking the note and deed of trust of Martin and wife on the same property; that Martin assured him his mortgage was a prior one, as appellant had turned over to Martin his note and mortgage, and further that appellant phoned him that Martin had satisfied his indebtedness, and that he would satisfy the record the first time he was in Mountain View. He denied Martin secured possession of appellant's note and mortgage by deceit and fraud. He prayed that if any judgment should be rendered on appellant's note and mortgage it be held inferior to his lien. Martin did not answer.

Trial resulted in a decree rendering judgment for appellant against Martin and wife in the sum of $392.84,

and costs, and ordering a foreclosure of the deed of trust and a sale of the property described therein to satisfy same, but held same subordinate and second to the deed of trust of Maxey. This appeal challenges that part of the decree subordinating the lien of appellant's deed of trust to that of appellee, Maxey.

We agree with appellant that the court erred in so holding. We have heretofore held in two cases that, while a parol agreement to satisfy a mortgage on real estate is not void by reason of the statute of frauds, § 6059, Pope's Digest, "the proof, relating to the discharge or release thereof, must be clear, satisfactory and convincing. Title to real property and the validity and continued existence of mortgages thereon would be insecure by any less stringent rule." *Riley* v. *Atherton*, 185 Ark. 425, 47 S. W. 2d 568; *Udes* v. *Nyegaard*, 189 Ark. 653, 74 S. W. 2d 795.

Measured by this rule, the evidence fails to support the decree, as it is neither clear, satisfactory nor convincing that appellant agreed to surrender his note and mortgage and accept an unsecured note for the balance due, as testified to by Martin, but strenuously denied by appellant. Appellee says Martin is not a party to this appeal, has no interest in the litigation, and, therefore, should be believed. We do not think so. Martin's admitted conduct with both appellant and appellee, Maxey, was so reprehensible as to wholly discredit him. He got possession of the note and mortgage and refused to surrender them to appellant. Maxey advanced him $250 to pay off appellant's mortgage, but instead of doing so, he converted it to his own use, thereby practicing a fraud on both of them. He represented to Maxey that he had paid appellant and the mortgage would be satisfied. Of course, appellant cannot be bound by any representations made by Martin to Maxey not made in his presence, and none were. Maxey says he called appellant on the telephone and that appellant told him he had been paid and would satisfy the record of his mortgage the first time he came to town, but appellant denies having any such conversation with Maxey.

Appellee says the possession of the note and mortgage by Martin is a circumstance tending to show payment or to support the alleged agreement to satisfy, and the rule that, as between two innocent persons who must suffer from the fraud of a third, he whose fault or negligence furnished the means to commit the fraud must bear the loss, is here invoked. But appellee Maxey did not know Martin had the note and mortgage. He advanced Martin $250 to pay appellant who had never agreed to accept less than $300 in satisfaction of his note, and Maxey never had these instruments in his possession until about a year after making the loan. There is a presumption of payment where the mortgagor has possession of the evidences of the debt in a suit by the mortgagee to foreclose and the defense is payment. That rule can have no force here, as Martin admits he owes the debt and Maxey does not contend it has been paid. He, Martin, testified he was to give appellant a note with personal indorsement which he never did. When we eliminate Martin's testimony as not being trustworthy, we have nothing left but the testimony of appellant and Maxey who are equally credible, and the most that can be said of it is that "it is in equipoise," as said in *Udes* v. *Nyegaard, supra.*

It appears to us that, as between appellant and appellee Maxey, the latter was the more negligent. He let Martin have $250 to pay appellant in satisfaction of his mortgage and did not see to its application. On the next day he took Martin's note and mortgage without an abstract of title or an examination of the record to see if satisfaction had been noted of record. Had he done so, he would have known that it had not been done. In fact he knew it had not been satisfied when he took his mortgage as he says appellant promised to satisfy the record when he came to town in a day or two. Maxey trusted his friend, Martin, who proved unworthy of the trust. He made this loan knowing of the prior mortgage—knowing that it had not been satisfied. The explanation of Martin's possession of the note and mortgage as given by appellant is corroborated by the fact that the new instruments were exact copies of the old, and their pos-

session by Martin had nothing to do with Maxey's action in making the loan, first because he did not know Martin had them, and, second, he knew, when he advanced the $250 they had not been paid.

The decree will be reversed, and the cause remanded with directions to foreclose appellant's mortgage as a first lien.