FELDMAN v. FOX.

Opinion delivered March 9, 1914.

1.  CONTRACTS—CONSIDERATION.—Where the parties to a contract undertake to enter into an additional contract, if in the latter no benefit is received by the obligee except what he was entitled to under

the original contract, and the other party parts with nothing except what he was already bound for, there is no consideration for the additional contract. (Page 225.)

2. CONTRACTS—NEW AGREEMENT—CONSIDERATION.—The parties to a contract may, by new agreement, change the terms thereof, and the new undertakings will support the new contract. (Page 226.)

Appeal from Clay Circuit Court, Eastern District; *J. D. Block,* Special Judge; reversed.

*S. R. Simpson,* for appellant.

*L. Hunter,* for appellee.

McCULLOCH, C. J. Appellee sued appellant on account, consisting of sundry items aggregating the sum of $947.46. On trial of the case before a jury he was awarded the sum of $219.40 by the verdict.

Appellant denied that he was indebted to appellee in any sum, and presented a counterclaim for the sum of $44.55 against appellee.

The largest item in appellee's account is one for the sum of $300, and the chief controversy in the trial below concerned that item. Appellant owned a farm and appellee was a share cropper thereon during the year 1911. According to the terms of his contract with appellant he was to plant, cultivate and gather the crop, receive one half as his share, appellant to pay him for gathering one-half of the cotton crop at the rate of fifty cents per hundred pounds. During the early part of the crop gathering season appellee became dissatisfied and contemplated selling his interest in the crop to another person, when, according to his testimony, appellant proposed to him that if he would refrain from selling his interest and go ahead and gather the crop he (appellant) would "guarantee" him $300 for his interest and one-half of all profits realized. That constitutes the item of $300 in dispute. Appellant denied that he made any such agreement.

The court, over appellant's objection, gave the following instruction:

"4. If you find by a preponderance of the evidence that the contract was changed after the crop had ma-

tured, as is contended by plaintiff, and that any consideration moved from plaintiff to defendant for the changing of the contract, then as to this item of $300 for the sale of his one-half interest in said crop, you will find for the plaintiff as to this item, towit, $300. By the word consideration is meant anything which would be of value to the defendant, or of injury to the plaintiff in making the new contract, or changing the old contract, as is contended by plaintiff.''

Appellant requested the court to instruct the jury that he was not liable upon the alleged agreement to pay the said sum of $300, but was only liable on the original contract. The court refused to so instruct the jury, and exceptions were duly saved.

We are of the opinion that, according to the undisputed evidence, there was no consideration for the alleged agreement concerning the payment of said sum of $300 and that the question of appellant's liability for that item should not have been submitted to the jury. Appellee's original agreement was to gather the crop, appellant to pay one-half of the cost of picking, and each to receive one-half of the proceeds of the crop. The effect of the new agreement was for appellant to indemnify appellee against depreciation of the value of the crop below the sum of $300 if appellee would perform his contract. The contract was not, strictly speaking, a contract of guaranty, as defined in the books, but was a contract of indemnity. However, it is controlled by the same principle, and must be supported by sufficient consideration. Appellee's agreement not to sell to the other party but to carry out his contract did not constitute a new consideration, and the agreement is not enforcible. Appellee was obligated to gather the crop, and as he could not escape the force of the obligation by selling out to another, the agreement to guarantee the price of his half of the crop amounted only to an additional consideration for performance of the original contract.

If no benefit is received by the obligee except what he was entitled to under the original contract, and the other party to the contract parts with nothing except what he was already bound for, there is no consideration for the additional contract concerning the subject matter of the original one. *Thompson* v. *Robinson,* 34 Ark. 44; 1 Brandt on Suretyship and Guaranty, § 387; 1 Page on Contracts, § 312.

"Mere performance of an existing contract or a part thereof," says Mr. Page in the section cited above, "is of itself no consideration for a new promise to the party performing. * * * If, without legal justification, one party to a contract breaks it, or threatens to break it, and to induce performance on his part the adversary party promises to pay more than was provided for by the original contract, there is in principle no consideration for such promise, as the party who threatens to break the contract does, when he finally performs it, no more than he was bound in law to do."

Now, the parties to a contract may, by new agreement, change the terms thereof, and the mutual undertakings will support the new contract (1 Page on Contracts, § § 317, 318); but in the present case there were no additional undertakings on the part of appellee. He was merely to perform the terms of his original contract, and gave up nothing as a consideration for the alleged agreement of appellant to guarantee the price of the cotton crop. Appellee's proposal to sell his interest in the crop to another constituted merely a threat to break his contract, for under the terms of his contract he still had duties to perform which he could not shirk. Nor can the alleged agreement be sustained as a sale by appellee to appellant of the former's interest in the crop. He does not claim that it was a sale, and there is no testimony showing that it constituted a sale. Appellee's testimony was that appellant agreed to "guarantee $300 over and above picking" and that the latter "didn't pretend to buy it." There is no claim that the crop was delivered to appellant under the alleged agreement. Ap-

pellee continued to superintend the picking—acted as "foreman," as he expressed it—during the remainder of the term of his original contract. The crop was gathered and sold according to those terms, and appellant proposes to account to appellee for half of the proceeds. That is all that he is liable for. It can not be ascertained from the record how far the error affected the verdict of the jury; therefore, the judgment must be reversed and the cause remanded for a new trial. It is so ordered.