POLZIN *v*. BEENE.

## Opinion delivered November 6, 1916.

1. TIMBER DEEDS—EXPEDITIOUS CLAUSES—TIME FOR CUTTING.—One J. deeded certain timber to appellant, the deed requiring that the timber be cut as expeditiously as possible, and providing that if it was not cut within twenty-five years, that appellant should thereafter pay the taxes on the said lands. Some years later appellees acquired title to the said lands. *Held*, although the timber deed did not give appellant the absolute right to twenty-five years in which to cut the timber, that since appellee recognized his right under his deed from J. to cut the timber, that appellant had the right from the date of appellee's purchase, to cut the timber as expeditiously as possible.

2. TIMBER DEEDS—EXPEDITIOUS CLAUSES—FINDING OF CHANCELLOR.— Where appellant claimed the right to cut timber from certain land under a deed requiring him to cut the same as expeditiously as possible, and it appeared that the timber might have been cut during a period of one and one-half years, a delay of three years in beginning to cut will be held to bar appellant's right under the expeditious clause.

3. CONTRACTS—DELAY IN COMPLYING WITH TERMS.—Inconvenience or the cost of compliance with the terms of a contract, cannot excuse the obligor from the performance of an absolute and unqualified undertaking to do that which is both possible and lawful.

4. TIMBER DEEDS—EXPEDITIOUS CLAUSE—MISTAKE—LACHES.—A deed granting the right to cut certain timber provided that the same be cut as expeditiously as possible. *Held*, although this clause was inserted through the mutual mistake of the grantor and grantee, that the grantee had lost his right to a reformation thereof by reason of laches.

Appeal from Columbia Chancery Court; *James M. Barker*, Chancellor; affirmed.

STATEMENT BY THE COURT

R. O. Beene, Y. D. Sanders, E. C. Wynne, *et al.* Mrs. M. A. Tomlin, *et al.*, instituted separate suits in the chancery court against Fred Polzin to cancel and set aside certain timber deeds executed to him. Beene and Sanders each deraigned title by mesne conveyances from T. S. M. Jordan. The immediate deed to Beene was from Henry Stevens and was executed on January 18, 1912. One of the deeds to Sanders was executed on the 29th day of March, 1909, and the other on the 19th day of November, 1912. On March 5, 1906,

T. S. M. Jordan conveyed to Fred Polzin all the pine timber on certain tracts of land in Columbia County, Arkansas. Among the lands described in the timber deed were the Sanders and Beene lands above referred to. The timber deed contained a clause providing for the removal of the timber. It reads as follows:

"The party of the second part shall cut and remove said timber as expeditiously as possible and it is agreed that unless it shall have removed all the same within a period of twenty-five (25) years from the date hereof, that it shall be responsible for and pay to the first party the full amount of taxes assessed against said lands after the expiration of said period of twenty-five years from this date until such time as said timber is removed and said possession returned to said first party."

On the 5th of March, 1906, O. Wynne, the husband of Mrs. E. C. Wynne and the father of the other plaintiffs in the suit of *Wynne* v. *Polzin*, executed a deed to Polzin to a part of the timber on his homestead. It contained the same clause as copied above in the timber deed of Jordan. The plaintiffs in the Tomlin case also executed a timber deed to Polzin on March 5, 1906, and it also contained a like clause in regard to the removal of the timber. The four cases were consolidated for the purpose of trial. The chancellor found the issues for the plaintiffs in each case and from a decree entered in their favor the defendant prosecutes this appeal. Other facts will be stated or referred to in the opinion.

*C. W. McKay* for appellant.

1. Under the facts and circumstances Polzin was proceeding with proper dispatch to remove the timber as expeditiously as possible within the meaning of the deeds, and the reasonable time had not expired. 120 Ark. 105; 118 Ark. 94; 116 Ark. 393; 111 Ark. 253; 99 *Id.* 112; 77 *Id.* 116.

2. But if not, plaintiffs have waived the forfeiture of his right to enter upon these lands and cut the timber. In the Jordan deeds the timber was reserved

for twenty-two years. All had notice of Polzin's rights. 97 Ark. 397; 94 *Id.* 503. The conduct of Jordan constitutes a waiver. 51 Ark. 491; 59 *Id.* 405; 77 *Id.* 168.

3. There was a mutual mistake in the timber deeds by which they failed to express the terms of the contract, which calls for a reformation. 28 L. R. A. (N. S.) 792 to 796; 6 Pomeroy Eq. § 677-8.

The distinct understanding was that Polzin was to have the full 25 years to cut and remove the timber. If Jordan did not read the deeds at the time of their execution, that fact has no bearing here. 110 Ark. 306; 6 Pom. Eq. Jur. § 680.

4. Polzin is not barred by laches.

*George M. Le Croy* for appellee.

1. Appellant did not proceed to cut and remove the timber as expeditiously as possible within the meaning of the deeds. 99 Ark. 115; 173 S. W. 819; 93 Ark. 447; 7 *Id.* 130; 61 Ark. 315.

2. Appellees have never waived the forfeiture. 77 Ark. 116; 98 *Id.* 328; 94 *Id.* 503.

3. There was no mutual mistake in the deeds that calls for reformation. But if so, appellant was guilty of laches. 120 Ark. 105. If he did not read the deeds it was his fault. 105 Ark. 37; 91 U. S. 50. Deeds cannot be waived by parol testimony. 83 Ark. 283; 105 *Id.* 459; 102 *Id.* 428; 88 *Id.* 213; 99 *Id.* 218.

4. No mistake was made. 99 Ark. 480; 39 S. W. 236; 94 Ark. 130. Appellant failed to comply with the terms of his contract and a reasonable time had long since elapsed, and thereby he forfeited all further right to the timber. The decree is right and should be affirmed.

HART, J. (after stating the facts).

(1) It is first contended by counsel for defendant that if Polzin did not proceed as expeditiously as possible to remove the timber from the Beene and Sanders lands within the meaning of the deeds, that

Beene and Sanders have waived the forfeiture of their right to enter upon the lands and cut and remove the timber. That Beene and Sanders recognized the right of Polzin to have a reasonable time after they purchased the land to cut and remove the timber. If this be true it does not mean that Polzin would have the balance of the 25 years after that to cut and remove the timber, but that he must cut and remove the timber as expeditiously as possible from that time. In construing a similar clause in other timber deeds the court has held that it was not contemplated that the vendee should have twenty-five (25) years absolutely in which to cut and remove the timber, but that he should cut and remove the timber as expeditiously as possible and that if it required more than twenty-five years to do so he should pay the taxes thereafter assessed against the land. Louis Werner Saw Mill Co. v. Sessoms, 120 Ark. 105, and cases cited. So then Beene and Sanders having recognized that Polzin had not at the time of their purchase forfeited his right to cut and remove the timber from the land purchased by them, the most Polzin could claim is that he should only be required to cut the timber as expeditiously as possible from that date.

(2) This then brings us to the question as to whether or not Polzin cut and removed the timber as expeditiously as possible after the purchase of the land by Beene and Sanders. Beene purchased the land on January 18, 1912. His suit involved the timber on three forty acre tracts of the land. The present suit was instituted on the 22d day of June, 1915. At that time no effort had been made by the defendant, Polzin, towards cutting and removing the timber from the land. The timber was five and one-half or six miles from the main line of a railroad. There had been other timber in the same neighborhood cut and sold in the market. There was a saw mill situated in the neighborhood. Beene said that if Polzin had begun cutting the timber on his land and had used as much as

one cross-cut saw regularly he could have removed the timber in one or one and one-half years. He has let over three years elapse and has not begun to remove it. So we think the finding of the chancellor that Polzin did not cut and remove the timber on the Beene tract of land as expeditiously as possible is not against the preponderance of the evidence and under our settled rules of practice his finding will not be disturbed on appeal.

Polzin claims that he bought the land for speculation; that he did not have any mill and for that reason would not be required to cut and remove the timber until he had a market for the timber standing. We do not agree with him in that contention. It is true that in the construction of a similar clause in other timber deeds in determining whether or not the vendee had cut and removed the timber as expeditiously as possible, we have taken into consideration the fact that the vendee had a saw mill and was cutting and removing the timber as quickly as the practical operation of its mill would admit. This was but taking into consideration the circumstances and conditions as they existed at the time the contract was made. We held that it was in the contemplation of the parties that the timber should be removed by the mill company in the ordinary course of business. Here Polzin had no mill and admits that he bought the land for speculation. It became his duty under the contract to commence to cut and remove the timber at once and remove it as expeditiously as possible. There is no clause in the contract to indicate that he should not commence to cut the timber until after he found a market for it.

(3) Inconvenience or the cost of compliance with the contract or other like thing cannot excuse a party from the performance of an absolute and unqualified undertaking to do that which is possible and lawful. *Ingham Lumber Co.* v. *Ingersoll*, 93 Ark. 447, and cases cited. What we have just said applies with equal force to the Sanders land. It was also located about

five or six miles from the railroad. Other parties had been in there something like a mile from this timber and cut and removed the timber. There was a saw mill three or four miles from there, to which the timber could have been carried and sawed into lumber. There were about fifty acres of timber on the Sanders land. His land joined the land of R. O. Beene and no effort was made by Polzin to cut and remove the timber up to the day the suit was brought.

Wynne and Tomlin sold the timber on their homesteads to Polzin on March 5, 1906. Their land was situated close to the Sanders land and the testimony shows that this timber could have been easily removed before the present suit was instituted.

It is next contended that there was a mutual mistake in the execution of the timber deed and that Polzin is entitled to a reformation thereof. Both he and Jordan from whom he purchased the timber on the Beene and Sanders tracts testified that it was their intention that he should have twenty-five years absolutely to cut and remove the timber.

We do not deem it necessary to decide whether or not the proof was sufficient to warrant a reformation. We are of the opinion that Polzin would be barred of this relief by laches.

(4) Polzin testified that he came south to buy timber lands. He evidently had a printed form, for this same clause is contained in the deeds taken from Wynne and from Tomlin. It is not claimed, or at least it is not proved, that there was any mutual mistake in the execution of the Wynne or Tomlin deeds. Then it will be taken that Polzin knew the legal effect of the clause in question in those deeds. They were executed on the same day as the Jordan deed. They were specially prepared by Polzin and he had had copies of the deeds in his possession ever since. There seems to be no good reason why he should desire a different contract with Jordan to that which he made with the other parties in regard to the timber. Of course he had a right to make a different contract with him, but

there is nothing in the record here which would excuse his long delay, in not discovering the alleged mistake. It seems that he held the deed from the date of its execution until after deeds containing similar clauses had been construed adversely to his present contention. It was his duty to have examined the deeds within a reasonable time and discovered any mistakes that were in them. He has shown no excuse for not doing so. Therefore we are of the opinion that it would now be inequitable to allow a reformation of the deed. *Louis Werner Saw Mill Co.* v. *Sessoms, supra.*

From the views we have expressed it follows that the decree must be affirmed.

HART, J. (on re-hearing). Counsel for appellant earnestly insists that the court erred in its opinion, especially as to the timber owned on the tracts of land, of Beene and Sanders. They base their contention on the state of the record as follows:

It will be remembered that Jordan conveyed the timber on the tracts of land now owned by Beene and Sanders to Polzin on March 5, 1906, and that this deed contained what is commonly called the "expeditious" clause in regard to the removal of the timber. On October 1, 1908, Jordan conveyed the land now owned by Beene to P. H. Dean, reserving all merchantable pine timber from twelve inches up for twenty-two years. Beene deraigned title to the land by mesne conveyances from Dean. On the 6th day of January, 1912, Henry Stevens executed a deed to him to the land and reserved all the timber which had been conveyed by the deed of Jordan to Polzin and on February 22, 1915, Jordan conveyed the land in question to Beene by a quitclaim deed. The rights of Polzin must be tested by the terms of the deed from Jordan to himself. He cannot gain any additional rights in subsequent reservations of timber made by Jordan when he conveyed the land to other parties. Hence in determining the rights of Polzin, we need not consider the reservations made in the deed of Jordan to Dean

or to his grantees.   Beene acquired title to the land on the 6th day of January, 1912, and if Polzin owned the timber, it was his duty to have removed it as expeditiously as possible from that date.   The testimony shows that he did not do so.   According to the testimony of Beene, the timber could have been removed in one and one-half years.   Beene testified that Polzin made no effort whatever to remove the timber from the land.   If it be assumed that Beene did not acquire title to the timber by the deed from Stevens to himself still he did acquire it by. the quitclaim deed from Jordan on February 22, 1915, and this was before he instituted this suit.   Hence he had title to the timber as well as the land when he instituted the action and Polzin having failed to cut.and remove the timber from the land within the time provided by the terms of his deed, the court below properly granted appellees the relief prayed for.   What we have said with regard to the Beene tract applies with equal force to the Sanders tract; for the record is the same in all essential respects in regard to it.   We adhere to what we said in our original opinion on the question of laches barring Polzin of any relief by way of reformation of the deed from Jordan to him and do not deem it necessary to add anything to what we have already said on that subject.

The motion for a rehearing will be denied.