Hurley *v.* Horton.

4-8526                                                    211 S. W. 2d 655

Opinion delivered May 24, 1948.

*Ben C. Henley* and *J. Smith Henley,* for appellant.

*W. F. Reeves* and *N. J. Henley,* for appellee.

Smith, J.   On March 12, 1942, appellant Hurley sold to appellee Mays the white oak timber, ten inches and above, suitable for stave bolts, growing on approximately 300 acres, for the sum of $400, which was paid by check. In acknowledging receipt of the check appellant wrote: "You are to have a reasonable time to remove."

No timber was cut until January 12, 1947, at which time a crew of men began cutting and removing the timber. Appellant protested that the time for cutting the timber had expired, and directed appellee to cut no more. When appellee continued cutting, appellant filed suit to

enjoin him, and a temporary restraining order was granted, which was served the same day, and appellee ceased cutting on that date. Pending trial it was agreed that appellee might remove the bolts already cut, and pursuant to that agreement he removed eight and one-third cords of bolts, worth $30 per cord.

The answer filed alleged that a reasonable time for cutting the timber had not expired at the time cutting was commenced, and also that appellant was estopped from claiming the benefit of the alleged breach, if any, by the acquiescence in appellee's delay in cutting the timber. Upon the issues thus joined, trial was had on July 28, 1947, and a decree was rendered dismissing appellant's complaint as being without equity, and from that decree is this appeal.

The essence of appellee's first defense is that through governmental restrictions on the distillation of whiskey, the demand for staves of the character which he proposed to manufacture had been so greatly reduced that such staves could not be manufactured at a profit. No other reason existed or was shown for appellee's failure to cut and remove the timber within a reasonable time, and the evidence on this issue was conflicting. There was testimony that other similar timber in that vicinity was being cut between the date the timber was sold and the date the cutting commenced.

It was held in the case of *Liston* v. *Chapman & Dewey Land Co.,* 77 Ark. 116, 91 S. W. 27, that what is a reasonable time for cutting timber, when no definite time is granted, is usually a question of law and fact, which facts are to be ascertained by inquiring into the conditions of the land and timber, obstacles opposing and facilities favoring and conditions surrounding the parties at the time the contract was made, and that while no fixed rule could be established for ascertaining what is a reasonable time the facts and circumstances of each particular case are determinative of the issue. No reason for not cutting was shown except that the market conditions were such that it was not profitable to do so. It was held in the case of

*Polzin* v. *Beene,* 126 Ark. 46, 189 S. W. 654, that mere cost of compliance with a contract cannot excuse a party from the performance of an undertaking to do that which is lawful and possible, and in the case of *Young* v. *Cowan,* 134 Ark. 539, 204 S. W. 304, it was expressly held that a decline in the market price of timber to be manufactured, constituted no excuse for a failure to remove the timber within a reasonable time. We conclude, therefore, that appellee failed in his first defense. In this connection it is pointed out that no milling operation is required in manufacturing stave bolts.

The contracting parties were long-time friends and knew each other well. Appellee testified that at a time when he might have cut the timber he wrote appellant about an extension of time, but that he received no answer. Appellant testified that he did not receive the letter.

Appellee testified as to a conversation between himself and appellant which later occurred to the following effect. He called on appellant at his office and told him that he was ready to cut the timber and appellant said, "All right, but I think it is a bad time to cut it now. Jim Bullock and Ray Watkins are up there and I think it is a bad time to cut it. And I told Hurley that if he thought I ought to delay cutting, I would, and he said there was no hurry, no rush. I relied upon this statement and told my foreman to refrain from cutting as we had a lot of other timber to cut." Appellant did not specifically deny this testimony, but did say that he did not remember the conversation.

If when appellee was ready to cut the timber, and at a time when he had the right to do so, he was told by appellant that there was no hurry, and not to rush, he was misled to his detriment and equitable estoppel arose against claiming a subsequent forfeiture unless and until appellant was told that more than a reasonable time to remove the timber would not thereafter be granted.

In the case of *Thomas* v. *Spires,* 180 Ark. 671, 22 S. W. 2d 553, it was held, to quote a headnote: "A party

who, by his acts, declarations, or admission, either deliberately or with willful disregard of the interests of another, induces him to conduct or dealings which he would not otherwise have entered upon is estopped to assert his rights afterwards to the injury of the party so misled."

Under this testimony we think an estoppel arose, and the decree is affirmed.