CROOKHAM & VESSELS, INC. *v.* LARRY MOYER TRUCKING, INC.

CA 85-61 699 S.W.2d 414

Court of Appeals of Arkansas
Division I
Opinion delivered November 27, 1985

*Friday, Eldredge & Clark*, by: *William M. Griffin, III*, for appellant.

*Lincoln & Orsini*, by: *David A. Orsini*, for appellee.

JAMES R. COOPER, Judge. This is an appeal of a decision by the Pulaski County Circuit Court awarding the appellee damages in the amount of $16,093.39, $12,095.00 of which was awarded by the jury for services rendered in connection with "extra ditching" and $3,998.39 of which represented contract costs awarded by the judge, plus prejudgment interest on that portion of the judgment representing contract costs. The appellant contends the court erred in (1) failing to direct a verdict in its favor, as the appellee failed to show (a) any consideration for the alleged promise to pay extra for the ditching, (b) any waiver of the contract provisions requiring written approval of extras and determination of the quantity of work by the engineers, Garver & Garver, Inc., or (c) sufficient evidence to allow the jury to determine damages without resorting to sheer speculation; (2) failing to instruct the jury that they must find a definite agreement to pay for the alleged extra work; and (3) giving an improper jury instruction on damages. The appellee contends on

cross-appeal that the court erred in failing to award it prejudgment interest on the portion of damages relating to the costs of the "extra ditching." The portion of the judgment representing the contract costs has not been appealed. Because we find merit in the appellant's contention that the trial court should have directed a verdict in its favor, on the basis that the appellee failed to show any consideration for the alleged agreement to pay him extra for the ditching, we need not reach the other points raised in the appeal and cross-appeal.

The appellant was the general contractor on a project to build an extension of a railroad for the Little Rock Port Authority. The appellee entered into a subcontract agreement with the appellant in January 1982 to do the excavation and dirt work on the project, which provided that the appellee would perform the work according to the plans and specifications provided by Garver & Garver, Inc. The problem in this case arose when the water would not drain out of the ditches the appellee constructed because the culverts through which they were to drain were clogged off of the jobsite. This caused the ditches to collapse, requiring the appellee to repeatedly have to redig the ditches. Larry Moyer, owner of the appellee, testified that, because of this problem, which began shortly after he started working, he told the appellant's representative, Alan McElhaney, that he would not continue to work without extra pay for redigging the ditches. He stated that McElhaney agreed to this.

The Port Authority's Invitation to Bid required each bidder to make an inspection of the jobsite, stating,

> Each Bidder should visit the site of the proposed work and fully acquaint himself with the existing conditions there relating to construction and labor, and should fully inform himself as to the facilities involved, and the difficulties and restrictions attending the performance of the Contract. . . .The Contractor by the execution of the Contract shall not be relieved of any obligation under it due to his failure to receive or examine any form or legal instrument or to visit the site and acquaint himself with the conditions there existing and the Owner will be justified in rejecting any claim based on facts regarding which he should have been on notice as a result thereof.

Moyer testified that the contract required him to make this inspection, that he did do so, and that there was nothing stopping him from inspecting the culverts. He also admitted that he was required under the contract's plans and specification to build the drainage ditches to meet the specifications and be up to grade at the time the project closed. Moyer acknowledged that that was precisely what he accomplished.

 Under Arkansas law, there must be additional consideration when the parties to a contract enter into an additional contract. *Buchanan* v. *Thomas*, 230 Ark. 31, 320 S.W.2d 650 (1959); *Feldman* v. *Fox*, 112 Ark. 223, 164 S.W. 766 (1914). In *Buchanan*, the subcontractor sent a bid by wire to the contractor which, apparently through the error of the telegraph company, was transmitted as about twenty-five percent lower than the subcontractor's intended bid. Based on this lower bid, the contractor submitted his bid to the owner and informed the subcontractor that he intended to hold him to the lower bid. The subcontractor performed the work and alleged at trial that it was only done after the contractor agreed to pay him half of the difference between the two bids. The court found that the subcontractor had already contracted to do the work for the lower price, found there was no consideration for the oral modification of the contract, citing *Feldman*, and held that the subcontractor was not entitled to extra compensation. In *Feldman*, the court, in holding no consideration existed for a contract raising the price of crops that the seller was already obligated to sell to the buyer, stated:

> If no benefit is received by the obligee except what he was entitled to under the original contract, and the other party to the contract parts with nothing except what he was already bound for, there is no consideration for the additional contract concerning the subject matter of the original one. *Thompson* v. *Robinson*, 34 Ark. 44; 1 Brandt on Suretyship and Guaranty, §387; 1 Page on Contracts, §312.

> "Mere performance of an existing contract or a part thereof," says Mr. Page in the section cited above, "is of itself no consideration for a new promise to the party performing. * * * If, without legal justification, one party

to a contract breaks it, or threatens to break it, and to induce performance on his part the adversary party promises to pay more than was provided for by the original contract, there is in principle no consideration for such promise, as the party who threatens to break the contract does, when he finally performs it, no more than he was bound in law to do."

112 Ark. at 226.

Here, the contract admittedly required the appellee to dig the ditches so that he met the specifications at the time the project was approved, and it is undisputed that that is what the appellee did. Where the work performed is covered under the terms of the contract, as here, there can be no recovery for it as extra work. *Baton Rouge Contracting Co. v. West Hatchie Drainage District of Tippah County*, 304 F. Supp. 580, 585 (N.D. Miss. 1969) (where contractor is able to complete a drainage canal in accordance with specifications, although plagued by slide-ins, he is not entitled to extra compensation for the extra work occasioned by the slide-ins). Here, as in *Baton Rouge*, the appellee had the duty to acquaint himself before bidding with the conditions, nature, and extent of the work to be performed, and the condition of the culverts in question could have been taken into account. In Arkansas, it is settled that "[i]nconvenience or the cost of compliance with the contract or other like thing cannot excuse a party from the performance of an absolute and unqualified undertaking to do that which is possible and lawful." *Polzin* v. *Beene*, 126 Ark. 46, 50, 189 S.W. 654, 655 (1916); *Hurley* v. *Horton*, 213 Ark. 564, 211 S.W. 2d 655 (1948). *Accord, Baton Rouge*, 304 F. Supp. at 585 ("Where one agrees to do, for a fixed sum, a thing possible to be performed, he will not be excused or become entitled to additional compensation because unforeseen difficulties are encountered."). Here, the appellee did no more than was required by its contract; the unforseen clogged culverts merely made it more difficult. The appellant has received no additional consideration for its alleged promise to pay extra, having gotten no more than it bargained for in the first place. Therefore, the jury verdict in the amount of $12,095.00 for the "extra ditching" must be overturned.

There has been no appeal of the award of $3,998.39 for

costs under the contract. While a single, inseparable verdict may not be divided, we have the power to divide two causes of action in a circuit court judgment, so long as we are not dividing a single jury verdict. *Westinghouse Credit Corp.* v. *First National Bank of Green Forest*, 241 Ark. 287, 407 S.W.2d 388 (1966). *See also McVay* v. *Cowger*, 276 Ark. 385, 635 S.W.2d 249 (1982); *Welter* v. *Curry*, 260 Ark. 287, 539 S.W.2d 264 (1976). Here, we are striking the jury's *entire* verdict, dealing with appellee's claim for expenses for "extra work," and upholding the directed verdict entered for the contract costs. We are dealing with two verdicts, each of which encompasses a separate cause of action, in one judgment. Therefore, we can, and do, modify the judgment by deleting the jury's award and affirming the award of $3,998.39 for contract costs and the prejudgment interest thereon.

Affirmed as modified.

CRACRAFT, C.J., and CORBIN, J., agree.