# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2211

_____

| | | |
|---|---|---|
| First Financial Bank, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Arkansas |
| Mazzio's Corporation, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: February 12, 2001

Filed: March 7, 2001

_____

Before LOKEN, HEANEY, BYE, Circuit Judges.

_____

PER CURIAM.

Mazzio's Corporation appeals from the partial summary judgment and trial judgment entered against it in favor of First Financial in the District Court[1] for the Western District of Arkansas. We affirm.

_____

[1]The Honorable H. Franklin Waters, United States District Judge for the Western District of Arkansas.

## I.

The appellee, First Financial, owned a five-acre lot of commercial property in Springdale, Arkansas. First Financial built its headquarters on the southern three acres, and left open the northern two acres for future development. In early 1997, First Financial was approached by a representative for Mazzio's, which was interested in buying the lot in order to open an Italian restaurant on the northern site.

At the time, First Financial's President Jerry Bullard had owned the property for approximately seven years. He had estimated it to be worth between $300,000 and $320,000. Bullard based his estimate on a recent appraisal, his knowledge of the property's past sales price, and real estate prices in the local area.

Mazzio's extended a written offer to First Financial for $450,000. Mazzio's original offer contained a 90-day "look-see" period. First Financial rejected the offer, seeking a higher price and a limitation on the "look-see" provision. After a period of negotiations, Mazzio's and First Financial reached a purchase price of $517,500, with a closing date of August 15, 1997. The contract was signed by Mazzio's vice-president of finance, who had the authority to bind Mazzio's.

On August 1, 1997, Mazzio's wrote a letter to First Financial seeking to terminate the contract. Mazzio's stated that the property "is not suitable for our needs due to the amount of site work and preparation . . . ." Mazzio's also contended that the "private club" provision in the city was "overly burdensome." First Financial refused to terminate the contract, and filed a civil action for breach of contract under Arkansas law.

After Mazzio's termination, First Financial attempted to sell the property. Eventually, it found a buyer for $320,000 for the property. On July 21, 1999, First Financial filed a civil action for breach of contract.

The district court granted partial summary judgment in favor of First Financial on one of Mazzio's affirmative defenses, and the case went to a bench trial. At trial, the district court made various findings. It rejected the impossibility defense asserted by Mazzio's, because Mazzio's never met its affirmative duty of applying for a permit. The district court considered and rejected Mazzio's interpretation of the "customary" language in the contract. It held Mazzio's liable for breach of contract.

On the issue of damages, the district court allowed testimony from the land owner, First Financial's president, on the value of the land at the time of the sale and of Mazzio's breach. Mazzio's offered no rebuttal evidence. The district court awarded damages for $197,500 by subtracting the fair market value assessed at the time of breach of $320,000 minus the sale price of $517,5000. The district court also awarded First Financial attorney's fees and costs. Mazzio's appeals.

## II.

### A.    Partial Summary Judgment

Prior to the bench trial, the district court granted partial summary judgment to First Financial on one of the affirmative defenses asserted by Mazzio's. Specifically, Mazzio's sought to argue First Financial was untimely in delivering the survey and title. First Financial argued Mazzio's waived this defense by its own actions.

In granting First Financial's motion, the district court noted that Mazzio's never asserted any untimeliness by First Financial until after it filed its civil action. The district court also noted the parties exchanged volumes of paperwork on the closing date, without mentioning any alleged untimeliness. In addition, Mazzio's continued to

demonstrate an intent to close on the contract well after the alleged delivery date. Indeed, Mazzio's repeatedly confirmed that no extensions would be necessary.

In holding that Mazzio's waived its untimeliness defense, the district court cited a decision that has since been reversed by the Arkansas Supreme Court. Bharodia v. Pledger, 990 S.W.2d 581 (Ark Ct. App. 1999), rev'd by 11 S.W.3d 540 (2000). However, we believe First Financial demonstrated Mazzio's waiver beyond any genuine dispute, and in accordance with the Arkansas Supreme Court's more rigorous opinion in Bharodia v. Pledger, 11 S.W.3d 540 (2000). Therefore, we affirm the district court's order granting partial summary judgment.[2]

## B.     Mazzio's Liability Under the Contract

Mazzio's appeals the district court's decision holding it liable under the contract, and rejecting its defense of impossibility. We review under the clearly erroneous standard. See Sherman v. Runyon, 253 F.3d 406, 408 (8th Cir. 2000). The district court conducted a thorough bench trial. It considered testimony on the meaning of the "customary" language in the contract, in light of the license and permit requirements of Springdale, and the premium Mazzio's paid for the property.

Mazzio's argued that it didn't believe it could obtain the building and liquor permits it would need to operate its restaurant. In addition, Mazzio's chose not to apply for the licenses because of newfound expenses. However, under Arkansas law, mere inconvenience or cost of compliance does not excuse a contractual obligation. Crookham & Vessels, inc. v. Larry Moyer Trucking, Inc., 699 S.W.2d 414, 416-17

---

[2] In addition, we find no abuse of discretion in declining Mazzio's untimely motion to amend its complaint. See Bell v. Allstate Life Insurance Co., 160 F.3d 452, 453 (8th Cir. 1998).

(Ark. Ct. App. 1985). Mazzio's failed to meet its burden of proving the impossibility defense, and it has not shown the district court was clearly erroneous in its findings.

### C. Damages Evidence and Award

Mazzio's also appeals the district court's evidentiary ruling and damages award in regard to the value of the land. Mazzio's first quibbles with the district court's decision allowing First Financial's president to testify as to the value of the land. However, Arkansas law grants broad authority for land owners to testify as to the value of their land. See Ark. State Highway Comm'n v. Mullens, 502 S.W.2d 626, 627 (Ark. 1973). Some of the testimony by the president of First Financial was based on hearsay; however, in light of the president's other sources of information, we perceive no abuse of discretion in admitting this testimony. See Ogden v. Wax Works, Inc., 214 F.3d 999, 1010 (8th Cir. 2000).

As for the damages award itself, we believe the district court accurately applied Arkansas law on First Financial's expectations damages. See Green v. Ferguson, 567 S.W.2d 89, 92 (Ark. 1978). The district court was in the best position to make credibility determinations as to First Financial's president; moreover, Mazzio's presented no testimony on the value of the land. Accordingly, the district court's findings were not clearly erroneous.

### D. Award of Attorney's Fees

Finally, Mazzio's appeals the attorney's fees the district court awarded to First Financial. Mazzio's objects to this award, arguing it doesn't comply with Arkansas Code § 16-22-308. However, Mazzio's ignores the fact that the attorney's fees were awarded based on a contractual provision, not a statutory provision. Paragraph Nine of the contract clearly states: "In the event of any court action or proceeding to enforce any provision hereof, the prevailing party shall be entitled to receive from the

other party all reasonable costs of the action, including attorney's fees." First Financial indisputably is the prevailing party in this case, and Mazzio's hasn't disputed the accuracy of the calculation of fees. Accordingly, the district court properly enforced the fees provision according to its plain language.

## III.

For the reasons explained in this opinion, we affirm the district court's judgment for damages and award of attorney's fees in favor of First Financial.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.