Gary YOUREE, Cynthia Youree, et al. *v.*
Raymond ESHAGHOFF

CA 06-883                                         256 S.W.3d 551

Court of Appeals of Arkansas
Opinion delivered May 9, 2007

*Ralph C. Williams*, for appellants.

*Boyer, Schrantz, Rhodes & Teague, P.A.*, by: *R. Douglas Schrantz*, for appellee.

JOSEPHINE LINKER HART, Judge. Appellee Raymond Eshaghoff sued appellants Gary and Cynthia Youree and their two revocable trusts for specific performance of a contract to sell real property. The trial court granted specific performance, and appellants appealed. We reverse the trial court's decision.

In 2004, appellee agreed to buy fifteen acres of appellants' property (where they operated a business, Ace Pallets) at $70,000 per acre, for a total price of $1,050,000. Closing was to occur by February 17, 2005, and the contract was contingent upon a "feasibility study."[1] It also provided:

> Seller to remove everything off of property other than concrete docks. Buyer will have two access road [sic] from West & East of front 5 AC. Seller would have 12 months after closing to clean and remove everything from property.

> Seller to put 150,000 of proceeds from sale at time of closing into Escrow account until everything is removed. After the one-year period, buyer will receive proceeds if property has not been cleared. What is to remain would be re-estimated for clean-up.

Appellants agreed to sell an additional five-acre tract, on which their house is located, in a general addendum to the contract, which stated:

> Sellers agree to sell front-half of 20 AC tract with house with the back 15 AC. 5723 Stoneybrook & 5 AC will be included in the

---

[1] The parties also call this an environmental study.

back 15 AC for 750,000. The sale of the front-half is contingent on closing of back 15 AC. The same terms with the one-year occupancy would apply to the house and front 5 AC. Seller would also have option to rent house back @ $[1]2000.00 month and lease back the land of $10,000 a month.

Appellants' trusts own nineteen of the twenty acres to be conveyed, and appellants own the remaining acre. Appellants signed this addendum on February 2, 2005. Appellee signed it on February 4, 2005, at 6:00 p.m.

A second addendum to the contract was signed by Gary on February 7, 2005. According to both appellants, Gary signed Cynthia's name to this document without her knowledge. This addendum provided:

Buyer and Seller agree to reduce the time the Seller has possession on property from one year to six-months. Buyer will take possession six-months after closing, and if the Seller need [sic] more time the [sic] he can lease back the property a maximum of three months for $18,000 a month.

Appellee also signed this addendum at 6:00 p.m. on February 4, 2005.

A third addendum extending the closing date to March 8, 2005, was signed by Gary on February 7, 2005. According to appellants, he also signed Cynthia's name to this document. Like the other two addenda, appellee signed this addendum on February 4, 2005, at 6:00 p.m.

Although appellee was ready to close on March 8, 2005, appellants refused to do so. Two days later, appellee sued appellants, individually and as co-trustees of the trusts, for specific performance of the contract. In response, appellants asserted that the legal description of the property was inadequate to satisfy the statute of frauds; that appellants did not sign the documents as co-trustees of the trusts; and that no consideration was given for the second and third addenda.

At trial, appellee described the consideration for the extension of the closing date as follows: "[T]here was a promise for a promise. That promise was we agreed to close on March 8th and they agreed to give a deed on that date." He also said that appellants' benefit would be the "remuneration for the sale of the property." Appellants first learned at trial that appellee had signed all three addenda at the same time.

Three days later, appellants moved to amend the pleadings to conform to the proof showing fraud and unclean hands on appellee's part. The trial court denied appellants' motion, making the following findings:

> 3. Plaintiff was aware on February 4, 2005 that he would not be able to close the transaction on February 17, 2005 due to the inability to obtain a feasibility/environmental study. It is unclear from the testimony whether Plaintiff knew on February 2, 2005 that he was not able to close the transaction on February 17, 2005. The Court declines to enter a finding that the withholding of such information, even if the Plaintiff was aware on February 2, 2005 constituted a material representation or withholding of material fact.

> 4. It is the further finding of the Court that the Defendants received consideration for the signing of Addendums Two and Three based upon mutual promises given by Plaintiff and Defendants as a result of the signing of Addendum One by both parties.

> 5. It is further the finding of the Court that from the credible evidence presented, Gary D. Youree had full authority to sign Cynthia Youree's name to Addendums Two and Three, and her interest in the property is ordered sold.

In the judgment filed April 18, 2006, the trial court found that appellants, as trustees, had apparent authority to act for the trusts; ordered specific performance; and awarded appellee $6,487.40 in attorney's fees, plus $606 in costs. On April 27, 2006, the trial court entered an amended judgment, finding that Gary had apparent authority to sign Cynthia's name to the last two addenda; that appellants had apparent authority to act for the trusts; that appellee did not have unclean hands or commit fraud; and that appellee gave consideration — a promise for a promise — for the addenda. This appeal followed.

Whether specific performance should be awarded in a particular case is a question of fact for the trial court; on appeal, the question before the appellate court is whether the decision to grant specific performance was clearly erroneous. *Dossey v. Hanover, Inc.*, 48 Ark. App. 108, 891 S.W.2d 67 (1995).

Although appellants have raised several arguments on appeal, we need only address the issue of consideration, which we believe is controlling. Appellants contend that the trial court erred

in denying their motion for directed verdict because appellee gave no consideration for the second and third addenda. A motion for a directed verdict is a challenge to the sufficiency of the evidence. *Calvary Christian Sch., Inc. v. Huffstuttler*, 367 Ark. 117, 238 S.W.3d 58 (2006). Appellate review of a denial of a motion for a directed verdict entails determining whether the nonmovant's proof was so insubstantial as to require a jury verdict, if entered in his behalf, to be set aside. *St. Edward Mercy Med. Ctr. v. Ellison*, 58 Ark. App. 100, 946 S.W.2d 726 (1997). The general rule is that a trial court may set a jury's verdict aside only if there is no substantial evidence to support it and the moving party is entitled to judgment as a matter of law. *Id.* In considering the sufficiency of the evidence, the appellate court will only consider evidence favorable to the appellee, together with all its reasonable inferences. *Id.*

In a separate point, appellants argue that the trial court erred in finding, in its April 18, 2006 order, that they received consideration for the signing of the second and third addenda by the signing of the first addendum. In another point, they contend that the trial court erred in finding, in its April 27, 2006 judgment, that the mutual promises were adequate consideration for the second and third addenda. Appellants assert that the second and third addenda did not require appellee to do any more than he was already required to do, although he received value from appellants, who took nothing in return. Appellants point out that the original contract and the first addendum gave appellants one year to surrender the property and provided that they could lease it for $12,000 per month for an unlimited time after that. The second addendum, however, reduced the time for appellants' possession after closing to six months and provided that they could remain in possession for a maximum of three months at $18,000 per month. The third addendum extended the time for closing from February 17, 2005, to March 8, 2005. As appellants argue, there was evidence that appellee was dilatory in preparing to close on time. For example, he did not have an environmental study done until February 17, 2005, the original closing date, and he admitted that he could not close at that time. Additionally, the loan officer did not know that closing was originally set for February 17, 2005, or that, originally, only fifteen acres were to be conveyed. Also, the loan commitment was dated March 4, 2005.

Appellants state that, when they signed the first addendum, they did not even know about the second and third addenda. Gary testified that he would not have signed the first addendum if he had

known that the sale would not close on February 17, 2005, and that he had counted on closing on that date so he could afford to get his grinder repaired in time for spring, when 75% of mulch sales occur. He said that the agent told him that the deal was dead if appellants did not sign the second and third addenda. Appellee admitted that the agent, who represented appellee and appellants, had indicated to him that appellants were counting on closing on February 17 because they needed money to repair their mulch grinder. David George, an attorney who operates a title company and who issued a title commitment for appellee's purchase, testified that, in his opinion, the second and third addenda reflected no consideration.

The essential elements of a contract are (1) competent parties, (2) subject matter, (3) legal consideration, (4) mutual agreement, and (5) mutual obligations. *Found. Telecoms. v. Moe Studio, Inc.*, 341 Ark. 231, 16 S.W.3d 531 (2000). Consideration is any benefit conferred or agreed to be conferred upon the promisor to which he is not lawfully entitled, or any prejudice suffered or agreed to be suffered by the promisor, other than such as he is lawfully bound to suffer. *Berry v. Cherokee Village Sewer, Inc.*, 85 Ark. App. 357, 155 S.W.3d 35 (2004).

Under Arkansas law, there must be additional consideration when the parties to a contract enter into an additional contract. *Crookham & Vessels, Inc. v. Larry Moyer Trucking, Inc.*, 16 Ark. App. 214, 699 S.W.2d 414 (1985). Although mutual promises may be adequate consideration to uphold a contract, the promise must have value to the party agreeing to the change; if no benefit is received by the obligee except what he was entitled to under the original contract, and the other party to the contract parts with nothing except what he was already bound for, there is no consideration for the additional contract. *Feldman v. Fox*, 112 Ark. 223, 164 S.W. 766 (1914); *Capel v. Allstate Ins. Co.*, 78 Ark. App. 27, 77 S.W.3d 533 (2002). If, without legal justification, one party to a contract breaks it, or threatens to break it, and to induce performance on his part the adversary party promises to give more than was originally agreed upon, no consideration is given for the promise; when the party who threatens to break the contract finally performs, he does no more than he was bound in law to do. *Crookham & Vessels, Inc. v. Larry Moyer Trucking, Inc.*, supra.

A finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made. *City of Van Buren*

*v. Smith*, 345 Ark. 313, 46 S.W.3d 527 (2001). We believe that this is such a case and that the evidence does not support the trial court's finding that there was consideration for the second and third addenda. Although appellants gave concessions to appellee in the second and third addenda, appellee promised to do no more than he was already obligated to do. It is apparent that appellee gained concessions in the addenda, without promising anything further, by threatening to break the contract, while at the same time, he was not making a good-faith effort to close on February 17, 2005. We hold that the trial court should have directed a verdict for appellants on this issue and that its findings in both judgments that consideration was given were clearly erroneous. The trial court, therefore, clearly erred in awarding specific performance to appellee.

Reversed.

GLADWIN and ROBBINS, JJ., agree.