2013 Ark. App. 234

**Karen WORDEN, Appellant**

v.

**Frank Steven CROW, Frank M. Crow Revocable Trust, and Ruth F. Crow Revocable Trust, Appellees.**

**No. CA 12–807.**

Court of Appeals of Arkansas.

April 10, 2013.

Mayo Law Offices, Bentonville, by: M. Grant Ragland, for appellant.

Davis Law Firm, by: Steven B. Davis, Harrison, for appellee.

WAYMOND M. BROWN, Judge.

Appellant appeals from the trial court's judgment in favor of and award of attorney's fees to the appellees. On appeal, appellant argues that (1) the circuit court's findings were clearly erroneous or clearly against the preponderance of the evidence when it found in favor of appellees, and (2) the trial court's award of attorney's fees should be reversed if we reverse the trial court's decision. We affirm.

In November 1995, appellant entered into a lease agreement with Frank and Ruth Crow, who were trustees of the Frank M. Crow Revocable Trust and Ruth F. Crow Revocable Trust (the Crow Trusts), respectively. The lease allowed appellant to lease a certain building for a period of five years. The property was owned by the Crow Trusts. The lease agreement included a clause requiring that appellant receive written consent before she could assign her lease.[1] In April 1998, after receiving prior written consent, appellant assigned her lease to Community First Bank (CFB).

In March 2001, appellant and Frank M. Crow[2] entered into a second lease (Worden Lease) for a term of ten years, beginning November 1, 2005, and ending October 30, 2015, with an option to renew for a second term of ten years. This lease also required that appellant receive prior written consent before she could assign her lease.[3] In September 2001, Frank M. Crow entered into a lease with CFB for a term of fifty years, from October 1, 2001, to September 30, 2051. He did so in his capacity as trustee and successor trustee of the Crow Trusts. The lease included all assignments on the property, which included appellant's lease. CFB was unaware of appellant's option to renew her lease for an additional ten-year term. Accordingly, Frank M. Crow and CFB executed an addendum to the trusts' lease agreement with CFB that reduced CFB's lease payment by $1,200.00 per month beginning November 1, 2015.[4]

In 2008, appellant attempted to receive prior written consent from CFB to assign her lease to Steve Stone and his company,

---

1. The record shows that appellant did effectuate two subleases, without prior written consent, to an attorney and a realtor without objection from the Crow Trusts.

2. Frank M. Crow signed this lease on behalf of the Frank M. Crow Revocable Trust but not the Ruth F. Crow Trust of which he would become successor trustee following the death of his wife, Ruth F. Crow.

3. Appellant testified that she had no subtenants at the time this agreement was entered into.

4. The amount by which CFB's payment would be reduced was the amount appellant paid for her lease whether directly or by proceeds from a sub-lessee. The date on which the reduction would take effect was the same date on which appellant's option would begin should she choose to exercise it.

Stone Financial and Tax Center, PLLC (Stone Financial). In September 2008, CFB advised appellant, via a letter from its attorney, that it believed it had no authority to consent to the assignment and that appellant should obtain consent from the Crow Trusts. Appellant contacted appellee Frank Steven Crow (Steve Crow)[5] to obtain consent as he was the successor trustee to both of the Crow Trusts; Frank M. Crow had died. Appellee Steve Crow never gave consent.[6]

Appellant sold her practice and assigned her lease to Steve Stone. In September 2009, appellee Steve Crow and CFB entered into a lease agreement for the reassignment of appellant's lease to the Crow Trusts.[7] Appellee Steve Crow terminated appellant's lease in his capacity as successor trustee to the Crow Trusts in his March 2010 complaint against appellant for violating her lease agreement's requirement that she obtain written consent prior to assigning her lease.[8]

The trial court entered judgment in favor of the Crow Trusts on June 8, 2012, and awarded attorney's fees to the Crow Trusts in an order filed July 19, 2012. This appeal followed.[9]

Appellant first argues that the circuit court erred in finding that her sublease to Stone Financial was in violation of her lease with the Crow Trusts because she had a valid, signed consent from Frank M. Crow. Our standard of review on appeal from a bench trial is not whether there was substantial evidence to support the finding of the circuit court, but whether the circuit court's findings were clearly erroneous or clearly against the preponderance of the evidence.[10] A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a firm conviction that an error has been committed.[11] Facts in dispute and determinations of credibility are within the province of the fact-finder.[12] We exercise de novo review of the court's application of legal principles to those facts.[13]

Troutman Oil Co., Inc. v. Lone, the case upon which appellant bases this argument, was not about an assignment and does not, as asserted by appellant, stand for the premise that a lessor's written consent to allow a lessee to sublease is

5.  Steve Crow is the son of Frank M. Crow and Ruth F. Crow.

6.  He asked appellant how much she would accept as a buyout of her remaining lease, but did not address appellant's request for consent to sublease.

7.  Appellee Steve Crow sued appellant for unlawful detainer in November 2005 but the case was dismissed for lack of standing because CFB held the lease at that time.

8.  Appellee Steve Crow's complaint also named Stone Financial as a defendant and appellee filed an amended complaint on December 1, 2010, asking that Stone Financial be required to pay the fair rental value of the properly to the Crow Trusts. Stone Financial was dismissed from the action on December 8, 2010, after paying the parties' stipulated

fair rental value of $24,000.00 into the registry of the court.

9.  Appellant's initial notice of appeal applied only to the June 8, 2012 judgment, but an amended notice of appeal was filed on August 7, 2012, to include the July 19, 2012 order granting attorney's fees.

10.  *Mauldin v. Snowden*, 2011 Ark. App. 630, at 2, 386 S.W.3d 560, 562.

11.  *Id.*

12.  *Id.* (citing *Duke v. Shinpaugh*, 375 Ark. 358, 290 S.W.3d 591 (2009)).

13.  *Vela v. Ragnarsson*, 2011 Ark. App. 566, at 4, 386 S.W.3d 72, 74 (citing *Courdin v. Courdin*, 2010 Ark. App. 314, 375 S.W.3d 657).

valid even without mention of consideration.[14] *Troutman* dealt with whether an option to renew was void and whether that option was properly exercised where there was no prior written notification of intent to exercise that option.[15] The issue in that case regarding the appellee's sublease was only mentioned in passing as it was the grounds upon which the appellant terminated his contract with the appellee as prior written consent was required by their lease agreement.[16] Other than this case, which is not on point, appellant gives no authority for this argument. We have repeatedly made clear that we will not address arguments that are not sufficiently developed and lack citation to authority.[17] Therefore, because appellant submits no authority for her argument that consideration is not required when modifying an existing contract, we do not address it. However, we must address whether Frank M. Crow's signed consent was valid before we can discuss whether the trial court erred in finding that appellee Steve Crow validly exercised his right to terminate the lease.

[6]Consideration is any benefit conferred or agreed to be conferred upon the promisor to which he is not lawfully entitled, or any prejudice suffered or agreed to be suffered by the promisor, other than such as he is lawfully bound to suffer.[18] Under Arkansas law, there must be additional consideration when the parties to a contract enter into an additional contract.[19] When no benefit is received except that in which the obligee was entitled to under the original contract, and the other party to the contract leaves with nothing more than what he was already bound for, there is no new consideration for the additional contract.[20]

The weight of authority is that a subsequent agreement that purports to modify or change an existing agreement must be supported by consideration other than the consideration involved in the existing agreement.[21] Where there is no

---

14. 75 Ark.App. 346, 57 S.W.3d 240 (2001).

15. *Id.*, at 351, 57 S.W.3d at 243.

16. *Id.*, at 350, 57 S.W.3d at 242.

17. *Baptist Health v. Murphy*, 2010 Ark. 358, at 30, 373 S.W.3d 269, 289 (citing *Gatzke v. Weiss*, 375 Ark. 207, 289 S.W.3d 455 (2008)).

18. *Youree v. Eshaghoff*, 99 Ark.App. 4, 9, 256 S.W.3d 551, 555 (2007) (citing *Berry v. Cherokee Village Sewer, Inc.*, 85 Ark.App. 357, 155 S.W.3d 35 (2004)).

19. *Youree v. Eshaghoff*, 99 Ark.App. 4, 9, 256 S.W.3d 551, 555 (citing *Crookham & Vessels, Inc. v. Larry Moyer Trucking, Inc.*, 16 Ark.App. 214, 699 S.W.2d 414 (1985)).

20. *Capel v. Allstate Ins. Co.*, 78 Ark.App. 27, 39, 77 S.W.3d 533, 541 (2002) (citing *Crookham & Vessels, Inc. v. Larry Moyer Trucking, Inc.*, 16 Ark.App. 214, 699 S.W.2d 414 (1985)).

21. *Sorrells v. Bailey Cattle Co.*, 268 Ark. 800, 814, 595 S.W.2d 950, 956–57 (1980) (unidentified land allegedly contracted to by a separate, undated instrument stating that it was supported by the same consideration given in a previous dated instrument for land was invalid because there was no separate consideration). *See also Go v. Crossett Health Foundation*, 2012 Ark.App. 83, 389 S.W.3d 28 (a modification agreement was a valid contract because it conferred additional consideration to appellant beyond that which was contemplated by the original agreement where the modified agreement forgave the debt appellant assumed under the initial agreement without requiring that he fulfill the attached obligation); *Youree v. Eshaghoff*, 99 Ark.App. 4, 256 S.W.3d 551 (2007) (where appellants gave concessions in a second and third addenda to an earlier contract, there was no consideration because the appellee promised to do no more than he was already obligated to do).

new consideration presented for the bargained for item, "the new agreement is void and of no effect for lack of mutuality of consideration."[22]

We find that the consent form signed by Frank M. Crow lacked consideration where it conferred a benefit on appellant—being able to sublease her assignment without prior consent—with no benefit being conferred upon the Crow Trusts. The Crow Trusts' position had not changed beyond what they initially contracted to do. We find that the signed consent form was not supported by valid consideration and was therefore not valid. Because the consent was invalid, appellee Steve Crow had a right to terminate appellant's lease. We now address whether appellee Steve Crow validly exercised his right to terminate the lease.

In its June 8, 2012 judgment, the trial court stated: "paragraph 11 of the Worden Lease unambiguously provides that Worden had no right to assign, sublet or suffer any other person to occupy her premises without the written consent of her Lessor, and that any such assignment or subletting without written consent was void." That same paragraph gave the lessor the option to terminate the lease based on this violation. We agree with the trial court that appellant's sublease to Stone Financial was void according to paragraph 11 of the Worden Lease. Therefore, we find the circuit court's determination that appellee Steve Crow validly exercised his right to terminate the lease by filing the original complaint in this matter on March 29, 2010, is not clearly erroneous.

Appellant testified that her attorney drafted the ten-year lease agreement on her behalf, though he did so based on the initial 1995 lease agreement which was drafted by Frank M. Crow,[23] so we find no error in the trial court's finding that any ambiguities in the lease should be construed against her.

Because we agree with the trial court that appellant's sublease to Stone Financial was void, we do not address appellant's argument that if a breach occurred, it was immaterial. Furthermore, appellant's argument that Frank M. Crow's failure to sign the lease and consent on behalf of his wife's trust was a mistake that should not operate to invalidate the signed consent is made moot by our finding that the signed consent was invalid. Because we affirm the trial court in finding that appellee Steve Crow validly exercised his right to terminate appellant's lease due to her violation of the lease agreement, appellant's argument that appellee Steve Crow's award of attorney's fees should be reversed is also moot, therefore we will not reverse the trial court's award of attorney's fees.

Appellant raises other arguments, namely (1) that the Crow Trusts waived their right to prior written notice because of their past practice of allowing her to sublease without prior written consent without objection, and (2) that appellee Steve Crow and the bank unreasonably withheld their consent; however, appellant failed to obtain a ruling on these arguments. We will not consider arguments on appeal when the party has failed to obtain

22. *Means v. Nelle Gertrude Berger Trust,* 32 Ark.App. 202, 207, 799 S.W.2d 556, 559 (1990) (citing *Feldman v. Fox,* 112 Ark. 223, 164 S.W. 766 (1914); *Sorrells v. Bailey Cattle Company,* 268 Ark. 800, 595 S.W.2d 950

(App.1980); *Crookham & Vessels, Inc. v. Larry Moyer Trucking, Inc.,* 16 Ark.App. 214, 699 S.W.2d 414 (1985)).

23. Her attorney also drafted the consent.

a ruling from the trial court.[24]

|₉Affirmed.

WALMSLEY and WYNNE, JJ., agree.

---

24.  *Maguire v. Jines*, 2011 Ark. App. 359, at 5, 384 S.W.3d 71, 74 (*citing Johnson v. Cincinnati Ins. Co.*, 375 Ark. 164, 289 S.W.3d 407 (2008)).