Cite as 2025 Ark. App. 241

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-24-229

| | |
|---|---|
| CAROL WHITE<br><br>APPELLANT<br><br>V.<br><br>GWENDOLYN AND FRED ORR<br><br>APPELLEES | Opinion Delivered April 23, 2025<br><br>APPEAL FROM THE MISSISSIPPI COUNTY CIRCUIT COURT, CHICKASAWBA DISTRICT [NO. 47BCV-22-23]<br><br>HONORABLE CHARLES M. MOONEY, JR., JUDGE<br><br><br>AFFIRMED |

**N. MARK KLAPPENBACH, Chief Judge**

Carol White appeals from the circuit court's December 2023 order requiring her to specifically perform her obligation to sell her property at 1113 River Oaks Drive in Blytheville, Arkansas, to Gwendolyn and Fred Orr. We affirm.

In 2016, White prepared a contract to sell her property to the Orrs for $119,000.[1] The Orrs paid a $9,000 downpayment and agreed to make $858.72 in monthly payments until the contract was paid in full. The contract carried a 5 percent interest rate, and it had no penalty associated with an early payoff. The Orrs agreed to pay the taxes and reimburse White for homeowner's insurance within thirty days of White's providing receipts for

---

[1]According to the Orrs, they had lived in the residence on the property since November 2015.

payment of insurance. The Orrs believed that the taxes and insurance were included in their monthly payment.

In April 2021, the Orrs asked White for a payoff amount for the property. In August 2021, White sent the Orrs her figures for payoff, which included an additional $4,000 for specified personal property. The Orrs disagreed with the additional $4,000; they contended that the tax and insurance figures were inflated; and they claimed that White's insurance figures were not supported by receipts. In short, the parties disagreed as to the remaining amount owed to complete White's sale of the property to the Orrs.

In January 2022, the Orrs filed a lawsuit seeking specific performance. Discovery ensued. By the time of the October 2023 bench trial, the circuit court and parties accepted several stipulations: (1) Gwendolyn Orr's 2023 FHA loan prequalification letter for a $100,000 loan, (2) White's mortgage lender's-lien[2] on the property and its October 2023 proof of payoff due on the promissory note, and (3) the amount paid in real estate taxes and insurance premiums during the contract period.

White, attempting to represent herself pro se at the trial despite being represented by counsel, testified that the Orrs had breached the contract by failing to make their first payment in 2016 (the Orrs denied this but agreed to make that additional payment to close

---

[2]White took out a loan for $119,500 from Quicken Loans, Inc., which held a mortgage lien on the property. Rocket Mortgage, LLC, f/k/a Quicken Loans, Inc. entered an appearance in the circuit court lawsuit in defense of its first mortgage on the property. It also filed an appellee's brief asserting that this court should reaffirm the parties' agreement and the circuit court's acceptance of the stipulation of the existence of its mortgage. This stipulation is so noted.

the case). However, White never notified the Orrs of any breach of contract, despite the contract provision that required notice to be made by registered mail. White also stated that she and the Orrs had an oral agreement that had additional terms for the sale of the property. White agreed that she created the written contract and signed it, but she did not initial each paragraph, which, to her, meant she was not bound by any paragraph not initialed. White's attorney was hampered in his efforts to represent her interests.

In testimony, the Orrs stated their readiness to pay off what they owed White to complete the deal. The Orrs were tired and stressed and could not understand why White would not complete the sale.

At the conclusion, the circuit court found in favor of the Orrs and ordered White to complete the sale and tender the deed. The circuit court rejected White's claim of an additional oral contract; the written contract disallowed changes to the contract unless in writing and agreed to by both parties. The circuit court remarked from the bench that White did not understand the contract she prepared. The circuit court found that, once a loan closing could be scheduled, some adjustments would need to be made regarding the final amount due to the mortgage holder and for proportionate taxes and insurance due because of the passage of time. The circuit court ordered the Orrs to make White's remaining personal property available for her to retrieve, and it ordered White to pay attorney's fees and costs incurred by the Orrs. This appeal followed.

White contends that the circuit court committed reversible error in ordering specific performance because (1) the Orrs did not demonstrate that they were ready, willing, and able

3

to tender their performance when they filed suit, and (2) the order's lack of precise amounts owed for taxes and insurance meant that the contract and the circuit court's order were too vague to require specific performance.

Where land or any estate or interest in land is the subject of an agreement, the right to specific performance is absolute. *Taylor v. Eagle Ridge Devs., LLC*, 71 Ark. App. 309, 29 S.W.3d 767 (2000). Whether specific performance should be awarded in a particular case is a question of fact for the circuit court. *Youree v. Eshaghoff*, 99 Ark. App. 4, 256 S.W.3d 551 (2007). On appeal, the question before the appellate court is whether the decision to grant specific performance was clearly erroneous, which means although there is evidence to support it, the reviewing court, on the entire evidence, is left with a firm conviction that a mistake has been committed. *Smith v. Orsbun*, 2024 Ark. App. 330, 692 S.W.3d 1. Specific performance is grounded in equity, so circuit courts have some latitude of discretion in granting or denying that relief, depending upon the inequities in a particular case. *Id.*

We have reviewed the appellate record, and we hold that the circuit court did not clearly err in ordering specific performance. We question whether White's appellate arguments were made to the circuit court and ruled on. Nonethless, the order is subject to appellate review to determine whether it was clearly erroneous to order specific performance. We hold that the circuit court did not clearly err.

White contends that the Orrs did not "tender" payment in full or present themselves ready to tender payment and, because those amounts were not settled, the order and contract are vague and lack the necessary specificity. We disagree. The parties stipulated precise

4

figures that would be altered only because it would take approximately a month to have the documents necessary for closing: an appraisal was necessary, and loan documents would need to be finalized.

There was a valid, written, enforceable contract between the parties for White to sell this property to the Orrs. The Orrs fulfilled their contractual obligations and were ready to complete the purchase and receive the deed. We hold that the circuit court's order is not clearly erroneous.

Affirmed.

ABRAMSON and MURPHY, JJ., agree.

*Westark Law*, by: *John R. Zaharopoulos*, for appellant.

*Richard Rhodes*, for appellees.

*Spence Fane LLP*, by: *Jason C. Smith* and *Alec M. Martinez*, for Rocket Mortgage, LLC, f/k/a Quicken Loans Inc.